O'CONNELL *v.* ROSSO.

Opinion delivered November 19, 1892.

1. *Form of action—Duplicity—Waiver.*

Where it was uncertain whether the complaint intended to state a cause of action for breach of a contract or for a tort in the nature of trespass, and the defendants made no objection on that score but invited both issues, they cannot object that the court's charge covered both issues.

2. *Contract—Damages.*

In an action for breach of a contract no damages can be awarded for a tort which attended the breach.

3. *Exemplary damages—Trespass.*

Exemplary damages may be awarded in an action of tort where the trespass was committed with deliberate violence or oppression.

4. *Damages for breach of contract—Preparatory expenditures.*

Where the anticipated profits under a contract are too specula-
tive to admit of clear and direct proof, a party aggrieved by
its wrongful termination can recover his legitimate expendi-
tures made to carry out the contract, less the value of any
material left on hand ; but if, by a partial performance of the
contract, he has enjoyed a portion of the benefits of his prepara-
tory expenditures, his damages should be proportionately les-
sened.

5. *Exclusion of improper testimony—Presumption.*

Where illegal testimony is admitted and afterwards withdrawn
from the jury, the presumption is that the verdict was based
upon legal testimony only.

Appeal from Arkansas Circuit Court.

JOHN A. WILLIAMS, Special Judge.

Joe Rosso sued John O'Connell and H. P. Bradford,
in Jefferson circuit court, and alleged that in April, 1888,
he contracted with defendants to take charge of the
"Recreation Park" in Pine Bluff; that plaintiff, under
the contract and agreement made between him and de-
fendants, was to and did enter into possession of said
park in April, 1888; that he was put into possession
thereof under said agreement for the purpose of supply-
ing visitors with soda water, lemonade, ice cream, lunch-
eon and other confections and articles usually kept in
the line of refreshments ; that, having entered into pos-
session under the agreement, he supplied himself, at
great cost and expense, with a soda fountain, ice cream,
lemonade and other articles and confections for the pur-
pose of supplying visitors, and employed a band of music
for those visitors at the park who desired to engage in
dancing, and plaintiff was to be allowed to collect from
the dancers a fee for the music rendered. Plaintiff stated
that it was agreed by defendants that, in consideration
of the supplies and refreshments furnished by him as
aforesaid, he should be entitled to any profit he might
make from sales to visitors and money collected for

music rendered, and that he should have the exclusive use and possession of said park for that purpose until November 1, 1888, free of rent. Plaintiff stated that the defendants, on or about the 29th day of June, 1888, in violation of their said contract and agreement with plaintiff and in violation of the rights of plaintiff, without legal process or authority of law, forcibly ejected plaintiff from the park and grounds, and forcibly and unlawfully threw his soda fountain and apparatus, furniture, goods and other supplies and confections out of the park, whereby plaintiff was damaged in loss of money, of time and of profits in his business then and there engaged in, by being thrown out forcibly as aforesaid and against his will, in the sum of fifteen hundred dollars. Wherefore plaintiff prayed judgment for said sum and costs and all other proper relief.

Defendants' answer, in substance, denied that they had violated their contract with plaintiff, and alleged that plaintiff had been guilty of such insulting conduct toward the patrons of the park, as to forfeit his rights under the contract.

On defendants' motion the case was transferred, on change of venue, to Arkansas county.

There was evidence that tended to support the allegations of the complaint. Plaintiff submitted with his testimony an itemized list of losses incurred and damages claimed by him, which was as follows:

Ten gallons of syrup spoiled, worth............$ 24 00
Damage to cook-stove, utensils, fixtures, loss on
   goods, such as meats, fish, vegetables and
   restaurant supplies............................ 35 00
Damage to stock of cigars by exposure, breakage,
   and shortage.................................. 15 00
Paid for cigar license ............................ 2 40
Two-thirds of barrel of gasoline, evaporated.... 10 00
Coal oil lost.................................... 3 00

| | | |
|---|---|---|
| One and a half barrels cider, worth............ | 6 | 00 |
| Twenty three pairs of skates which I ordered for the rink in the park, at $1.25 per pair........ | 28 | 75 |
| Two dozen chairs............................. | 16 | 00 |
| Damage to tables............................. | 4 | 00 |
| Ice box ..................................... | 7 | 00 |
| Expense of moving my household goods to be near the park............................... | 7 | 50 |
| Freight charges paid on soda fountain from Boston to Pine Bluff, ordered for park.............. | 20 | 75 |
| To cash paid for musicians to get them to come from Hot Springs to Pine Bluff.............. | 20 | 00 |
| Expenses of trip to Little Rock................ | 15 | 00 |
| Expenses of trip to Pine Bluff................. | 25 | 00 |
| Two months salary for time lost after leaving park until engaged in present business, at one hundred dollars per month.................. | 200 | 00 |
| Probable profits ............................. | 500 | 00 |

The court ordered the last four items to be erased from the list, and permitted the jury, upon retiring, to take with them the list so erased.

At the plaintiff's request the court gave the following, among other, instructions, viz.:

"4. If the jury believe from the evidence that the defendants wrongfully ejected the plaintiff from said park, as charged in his complaint, either by themselves or their servants at their direction, and that this was done in a reckless disregard of the rights of plaintiff, and the plaintiff has suffered any actual damages therefrom, then the jury are authorized to find exemplary damages, that is, such damages as will compensate plaintiff for the wrong done him, and to punish the defendants and to furnish an example to deter others from the like practices."

"5. If the jury believe from the evidence that the plaintiff was wrongfully ejected by the defendants or

their agents, and without any conduct on the part of the plaintiff as worked a forfeiture of his contract, they may consider the expense plaintiff incurred in making preparations for carrying out the contract and allow plaintiff such part of this expense as they think right under all the circumstances."

The court refused to give the following instruction asked by defendants, viz. :

" 6.    The jury are instructed that any damages that they may find from the evidence that O'Connell and Bradford sustained by reason of wrongful and improper conduct on the part of Rosso, may be considered by them in mitigation or satisfaction of any damage they may find from the evidence Rosso sustained by reason of wrongful conduct on the part of Bradford and O'Connell."

The jury returned a verdict in favor of plaintiff in the sum of $750.    Defendants have appealed, and insist that the court erred in giving instructions four and five asked by plaintiff, in refusing instruction six asked by defendants, in permitting plaintiff to testify as to certain losses incurred by him, and in allowing the jury to take to the jury room the list of losses submitted by plaintiff.

*J. M. & J. G. Taylor* for appellants.

1.    The court erred in admitting plaintiff's testimony that he had expended $200 to secure musicians, and other items for freight charges, moving goods, etc., before breach of contract, and in allowing the jury to consider such expenditures.    It was also error to permit the jury to take with them the list containing these items to the jury room.    The presumption is, it had some influence with the jury.    102 U. S. 459–460 ; 43 Ark. 102.

2.    It was error to charge the jury as to exemplary damages.    1 Suth. on Dam. p. 716 *et seq.* ; 91 U. S. 492 ;

21 How. 213; 16 S. W. Rep. 789; Cooley on Torts, p. 694 and note; 35 A. & E. R. Cases, p. 466.

3. Defendants were entitled to recoup such damages as they had sustained by the improper conduct of plaintiff in carrying on his business pursuant to his contract. 2 Metc. (Ky.), 539; 1 Suth. Dam. p. 226–7, 724; 1 Story, 100; 132 U. S. 531; 1 Suth. Dam. p. 229 and note; 4 S. & R. 249; 14 How. 443; 120 U. S. 630; 22 Pick. 510, 517; 1 Baldw. 59; 41 Ark. p. 301; 53 Ark. 7.

*S. M. Taylor* and *J. W. Crawford* for appellee.

1. Expenditures in preparation for the performance of a contract, which were a necessary preliminary to its performance, or within the contemplation of the parties as necessary, are properly estimated in assessing damages for breach of the contract. 1 Suth. Dam. p. 121; T. Raym. 77; 2 Cush. 46; 4 *id.* 408; 8 Barb. 423; 5 Iowa, 266.

2. The allegations of the complaint and the proof show a case for exemplary damages. 35 Ark. 492; Addison, Torts (3d ed.), p. 992; 15 Ark. 452; Sedg. Dam. (6th ed.), p. 554. Defendants made no objections to the sufficiency of the complaint, and, both parties having introduced evidence on the issue covered by the instructions in question, it is too late after verdict to object to the sufficiency of the complaint. 44 Ark. 524; 54 *id.* 289. The evidence was sufficient to justify a verdict for exemplary damages. 1 Suth. Dam. p. 724–5; 37 Mich. 34; 21 Iowa, 379; 13 Iowa, 128.

3. The sixth instruction, as to *mitigation* or *satisfaction* of damages, was properly refused. 1 Suth. Dam. p. 226, sec. 3; *ib.* p. 227.

4. The objectionable items on the list were stricken therefrom by a pencil mark drawn through them, and the jury were instructed to disregard them. The presumption is, the verdict was based upon legal evidence only. 43 Ark. 102; 102 U. S. 451.

5. If upon the whole record the judgment is right, it will be affirmed. 28 Ark. 59; 46 *id.* 485.

COCKRILL, C. J. It is not certain from the complaint whether the plaintiff intended to state a cause of action as for a breach of contract, or for a tort in the nature of trespass. The appellants, who were the defendants below, made no objection to the complaint on that score, but in their answer proffered an issue upon the breach of contract and the commission of the trespass. The objection now made to the charge of the court is that the complaint did not warrant any instruction as to exemplary damages, and that the expenses incurred by the plaintiff to carry out the contract could not be recovered.

*1. When objection to duplicity not available.*

A charge upon either phase of the case was applicable to one of the issues tendered by the defendants; and, as they had invited the issues, they cannot be heard to complain that the court gave an appropriate charge to the jury upon each of them. Our inquiry, therefore, is, does the charge as to the measure of damages declare the law, and was it applicable to either phase of the case?

If the action had been prosecuted solely to obtain compensation for the loss of the contract, the circumstances attending the breach could not affect the result, and no damages could be awarded for a tort which the proof of those circumstances showed had been committed. 2 Sedg. Dam. sec. 602. No exemplary damages could be awarded in that case.

*2. Damages for breach of contract.*

But the charge as to exemplary damages was applicable to the tort set out in the complaint upon which the defendants joined issue. Such damages may be awarded wherever a trespass is committed with deliberate violence or oppression. *Clark* v. *Bales*, 15 Ark. 452; *Barlow* v. *Lowder*, 35 *ib.* 492. No objection is made to the form of the charge. No error is therefore pointed out as to that.

*3. Exemplary damages in torts.*

39

**4. Damages for breach of contract.**    As to the other branch of the charge upon the measure of damages: A plaintiff is entitled to recover the expenses incurred by him in his preparation to perform a contract which, without his fault, the defendant has put an end to, where the anticipated profits under the contract are too speculative to admit of clear and direct proof. 2 Sedg. Dam. sec. 607 ; 5 Lawson's Rights, etc., sec. 2623 ; *United States* v. *Behan*, 110 U. S. 338 ; *Howard* v. *S. & B. Mfg. Co.* 139 *ib.* 199. That was the state of case made by the proof in this case, under the issue upon the breach of the contract. The plaintiff was, therefore, entitled to recover the loss he had sustained by reason of his outlay and expenses made and incurred in the fair endeavor to perform the contract which he had assumed. He had partially enjoyed the benefit of his preparatory expenditures in the partial performance of his contract. It was proper, therefore, to apportion such expenditures, and the defendants have not suggested that the charge ought not to bear an interpretation which leads to that result.

It was proper for the jury to take into consideration the amounts paid by the plaintiff to secure the services of musicians which the defendants required him to provide ; the freight charges on his soda fountain brought from Boston to Pine Bluff,* and the amount paid for tobacco license to enable the plaintiff to supply that article to the defendants' patrons, for that was fairly within the scope of the plaintiff's duty under the contract. There was no error, therefore, in admitting testimony of the plaintiff's expenses in reference to those matters, or in instructing the jury in regard to them.

---

*Inasmuch as it does not appear from the evidence that the soda fountain was not worth the price paid for it in addition to the freight charges, it is not clear upon what ground plaintiff was held entitled to recover the freight charges upon it. (Reporter.)

When the jury retired to deliberate, the court permitted them to take with them a list of the items of expense which the plaintiff testified he had incurred, instructing them not to consider any claim for anticipated profits or other excluded demands.

Among the items which were not excluded from their consideration was a claim of $28.77 for money expended by the plaintiff for skates, and the sum of $7.50 for moving his household effects from one location to another in Pine Bluff. The jury must have understood that they were at liberty to take these items into consideration in assessing damages against the defendants.

The removal of the plaintiff's household goods was not made in execution of the contract, but solely for his convenience. The expenditure was not properly chargeable to the defendants. Nor was he entitled to recover the cost of materials left on hand when the contract was violated. The most that can be demanded in such a case is the difference between the legitimate expenditure made to carry out the contract and the value of the material left on hand. *United States* v. *Behan,* 110 U. S. *sup.* But the value of the skates was not proved. There is no presumption that they are without value. Consequently, there was no basis for a calculation of damages on account of their purchase.

The list of items referred to contained several which could not be made the basis of recovery. The plaintiff had been permitted to testify as to some of them. Before delivering the list of items to the jury, the court caused those just referred to to be marked off or erased, and instructed the jury not to consider them, and thereby withdrew the previously admitted incompetent testimony in reference to them. The presumption is that the verdict is based upon the legal items only. *Carr* v. *State,* 43 Ark. 99.

5. Presumption where improper testimony is excluded.

There is, therefore, no reversible error as to that. The defendants could not have been prejudiced by the court's refusal to give, as part of its charge, their prayer for an instruction as to damages to be recovered by them against the plaintiff, for the proof would not have warranted a finding of more than nominal damages in their favor, even if the prayer contained a correct statement of the law. A finding of nominal damages in their favor could not reduce the amount of the verdict against them, so as to warrant a reversal. No other question in the case is urged by the appellants or considered by the court.

Full atonement may be made for the error pointed out by deducting $36.27 from the verdict. If the appellee will enter a *remittitur* for that amount, upon the usual terms, within 15 days, judgment may stand for the reduced amount; otherwise the judgment will be reversed, and the cause remanded for a new trial.