Fred O'BIER, Sr. v. SAFE-BUY
REAL ESTATE AGENCY, INC.

73-310                                    509 S.W. 2d 292

Opinion Delivered May 20, 1974

*W. H. Schulze,* for appellant.

*Pope, Pratt, Shamburger, Buffalo & Ross* and *Batchelor & Batchelor,* by: *Fines F. Batchelor, Jr.,* for appellee.

GEORGE ROSE SMITH, Justice. This action was brought by the appellee, Safe-Buy Real Estate Agency, to recover judgment upon a $4,037.80 installment note executed by Safe-Buy's former representative, the appellant Fred O'Bier, Sr. By counterclaim O'Bier sought $15,000 in damages, for breach of contract. At the close of the proof the trial court directed a verdict for Safe-Buy upon both the complaint and the counterclaim. O'Bier concedes his liability upon the note, but he insists that the evidence supporting his counterclaim presented issues of fact for the jury. We agree with that contention.

Safe-Buy is a corporation engaged in the sale of real estate in Arkansas and other states, with its headquarters in Little Rock. On October 4, 1971, the parties signed a printed contract by which Safe-Buy employed O'Bier as its representative in Russellville, Arkansas. The contract recited that it would continue until terminated upon 30 days' written notice by either party. Safe-Buy also reserved the power to cancel the contract without (such) notice if O'Bier failed to comply with any of its terms. There was also a provision that O'Bier should have no power to incur debts binding upon Safe-Buy, O'Bier being responsible for all expense incurred by him.

The parties' relationship began in October, 1971, and lasted for about a year. In May, 1972, O'Bier signed the note sued upon, representing Safe-Buy's share of commissions which O'Bier had collected but had not accounted for. On October 12, 1972, Safe-Buy notified O'Bier by letter that he was being discontinued as the company's representative in the Russellville area. The company gave no reason for O'Bier's discharge.

At the trial Safe-Buy established O'Bier's liability upon the note and then rested its case. O'Bier, to prove his counterclaim, testified in substance that the original written contract, which was limited to Russellville, had been modified by a subsequent oral agreement between him and Safe-Buy's president, W.M. Ritter. Under the new arrangement O'Bier became a division representative, with offices at Russellville, Clarksville, Ozark, and Paris. O'Bier introduced elaborate Safe-Buy catalogues which contained O'Bier's photograph and held him out as Safe-Buy's representative in those cities. O'Bier offered in evidence 306 canceled checks, totaling more than $30,000, to support his testimony that, in carrying out his contract, he had spent a great deal of his own money in employing and training real estate salesmen, renting offices, paying utility bills, and otherwise carrying on Safe-Buy's business. He testified that he had no way of recovering his outlay except by continuing as Safe-Buy's representative. He pointed out that upon the termination of the parties' relationship all the real estate listings that he had obtained became the property of Safe-Buy.

We have no hesitancy in holding that O'Bier's testimony made a case for the jury upon his counterclaim. It is well settled that a written contract may be modified by a later oral agreement. *Treat* v. *Safe Buy Real Estate Agency*, 240 Ark. 861, 402 S.W. 2d 682 (1966). Where, as here, it is difficult or impossible for the complainant to prove the profits that would have resulted from full performance of the contract, his necessary and legitimate expenses are proper elements of compensation when the contract is wrongfully terminated by the other party. *O'Connell* v. *Rosso*, 56 Ark. 603, 20 S.W. 531 (1892); Restatement, Contracts, § 333 (1932).

We cannot sustain Safe-Buy's insistence that the written contract is absolutely controlling. That agreement was modified by Ritter, who is shown to have been the president of the Safe-Buy corporation. Even if Safe-Buy might have terminated O'Bier's contract for cause, Safe-Buy offered no proof to justify its abrupt discharge of O'Bier as its division representative. Safe-Buy now argues that O'Bier's failure to account for commissions was a breach of contract, but the jury might readily have concluded that Safe-Buy was not in a position to rely upon that asserted breach some five months after it accepted O'Bier's note for the past-due sums. Neither

is Safe-Buy insulated from liability by the contractual provision that exempted Safe-Buy from responsibility for expenses incurred by O'Bier. O'Bier is not seeking to hold Safe-Buy liable for those expenses as a matter of contract. Instead, he is using them as the measure of his damages for breach of contract, which the law entitles him to do if the jury accepts his version of the case.

Finally, counsel for Safe-Buy argue that the appellant obtained an extension of time for filing the record without complying strictly with our Rule 26A. Ark. Stat. Ann., Vol. 3A, 1973 Supp., p. 121. The application for the extension was filed within the time allowed and stated that the transcript of testimony had been ordered, but the court reporter was unable to complete it in time. The only asserted deficiency is that counsel for the appellant failed to give opposing counsel notice of the application for an extension of time, as Rule 26A requires. There is not the slightest intimation that the appellee could have successfully resisted the application had it been notified, or that it was prejudiced in any way by its failure to receive notice. Under the circumstances a dismissal of the appeal for the appellant's oversight would be an indefensible miscarriage of justice.

Reversed.