CANAL INSURANCE COMPANY
*v.* Jack ARNEY and Bessie G. WHITE
and Blanch PACE

75-131                     530 S.W. 2d 178

Opinion delivered November 24, 1975

*Pearson & Woodruff* and *E. Lamar Pettus,* for appellant.

*Bob I. Mayes* and *Jones & Segers,* for appellees.

CARLETON HARRIS, Chief Justice. This is an action for declaratory judgment originally brought by appellee, Jack Arney, against his insurer, Canal Insurance Company. Arney has been in the commercial trucking business for a number of years. On May 21, 1971, appellant issued its policy of liability insurance to appellee, granting coverage on certain tractors and trailers used in the business by Arney. On September 7, 1971, appellee, while operating one of the tractors which was towing a trailer not listed in the coverage, collided with a passenger vehicle occupied and operated by appellees Bessie G. White and Blanch Pace. White and Pace instituted suit in the Washington County Circuit Court against Arney, seeking $7,550 damages. Arney made demand upon appellant to conduct his defense under the terms of his policy, but appellant declined to do so, asserting that the policy did not afford coverage on the trailer that was being towed and the company had no liability. Following the filing of the complaint, wherein the agent for appellant was also named a defendant, and the filing of an answer, appellant filed a third party complaint, styled "Counter-claim and Cross-complaint for Declaratory Judgment," alleging that the company which owned the trailer involved in the wreck had primary coverage and the duty to defend, and appellant also asked that rights between appellant and White and Pace be adjudicated. On trial, the circuit court found that the in-

surance policy was ambiguous and unclear as to its definition and meaning of the word "trailer," and that appellant was under a legal duty and obligation to defend the pending litigation which White and Pace instituted against Arney. Arney was awarded an attorney's fee of $2,500. From the judgment so entered comes this appeal.

The appeal in this case will have to be dismissed because of non-compliance with Supreme Court Rule 26A dealing with extension of time for appeal, and non-compliance with Ark. Stat. Ann. § 27-2127.1 (Supp. 1973).

Rule 26A reads as follows:

"Effective August 1, 1973, in the absence of a showing of unavoidable casualty all appellate records must be filed with the Clerk in compliance with Act 206 of 1971 (Ark. Stat. Ann. § 27-2127.1 [Supp. 1971]), which provides that a trial court may extend the time allowed for the docketing of an appeal if the court (a) finds that the extension is related to the inclusion in the record of evidence stenographically reported and (b) enters the order of extension before the expiration of the period for filing and docketing as originally prescribed or extended by a previous order. Counsel seeking such an extension shall give to opposing counsel notice of the application for an extension of time."

Section 27-2127.1 reads as follows:

"The record on appeal shall be filed with the appellate court and the appeal there docketed within 90 days from the date of filing the notice of appeal; except that, the trial court may prescribe the time for filing and docketing, which in no event shall be less than 90 days from the date of filing the first notice of appeal. In all cases where there has been designated for inclusion any evidence or proceeding at the trial or hearing which was stenographically reported, the trial court, after finding that a reporter's transcript of such evidence or proceeding has been ordered by the appellant, in its discretion and with or without motion or notice, may ex-

tend the time for filing the record on appeal and docketing· the appeal, if its order for extension is made before the expiration of the period for filing and docketing as originally prescribed or extended by a previous order; but the trial court shall not extend the time to a date more than seven (7) months from the date of the entry of the judgment or decree."

The trial court entered judgment in the instant case on November 12, 1974, and appellant filed its notice of appeal on December 2, 1974. The 90th day following the filing of the notice of appeal was March 2, 1975, which was on a Sunday, which fact would have permitted the record to be filed the next day. The transcript reflects the following order filed by the trial court on March 31, 1975:

"On this 28th day of February, 1975, due to the excessive number of appeals, inability of Court Reporter to prepare transcripts in the required time and at the request of Plaintiff and Defendant, an additional ninety (90) days is granted from the 2nd of March, 1975, within which to prepare and file a transcript in the above styled cause.

Nunc pro tunc."[1]

Section 27-2127.1 (Act 206 of 1971) amended Section 20 of Act 555 of 1953 and the provisions of this statute were before us in *Gallman* v. *Carnes,* 254 Ark. 155, 492 S.W. 2d 255. In *Gallman, supra,* Gallman had obtained an extension of time to file a record, even though no evidence had been reported stenographically, but the record was not filed until after the original time had expired. Appellees sought a dismissal of the appeal, since appellant had not shown that an extension was needed because of stenographically reported evidence. We refused, however, to dismiss the appeal, stating:

"In similar situations, when new procedural statutes have changed familiar steps involved in the appellate process we have stretched our authority to its

---

[1]The nunc pro tunc was written in longhand.

fullest extent to avoid hardships to lawyers and to litigants."

We then adopted Rule 26A which appeared in the Appendix to the Opinion. This rule became effective August 1, 1973. Two other decisions have construed Rule 26A, but neither is in point with the instant case. In *O'Bier* v. *Safe-Buy Real Estate Agency, Inc.*, 256 Ark. 574, 509 S.W. 2d 292, appellant filed an application for an extension of time within the 90 day period, but failed to give notice to opposing counsel. We refused to dismiss the appeal, pointing out that there was not the slightest intimation that appellee could have successfully resisted the application even though notice had been received, or that it was prejudiced in any way by its failure to receive notice. In *Perry* v. *Perry*, 257 Ark. 237, 515 S.W. 2d 640, appellee sought dismissal because appellant had obtained an extension of time under Rule 26A for alleged improper reasons, it being contended that the extension was sought, not because the court reporter was unable to meet the deadline for preparing the record, but because appellant's counsel desired more time to prepare his brief. We actually did not pass on the question raised by the motion to dismiss (that the extension had been granted for improper reasons), stating only that the proof was not clear, but we did comment that the legislative purpose in enacting § 27-2127.1 was to eliminate unnecessary delay in the docketing of appeals to this court.

It is at once apparent that none of these decisions touch the question here at issue, and we have not heretofore had presented to us a motion to dismiss under the rule where an appellant has utterly failed to obtain an extension of time for filing the record prior to the expiration of the 90 day period.

While the trial court's written order extending the time is not dated, it is admitted that it was not signed within the 90 day period; the order was filed on March 31, 1975, nearly 30 days after the original 90 days had expired. Of course, the *"nunc pro tunc"* means nothing, for courts are not permitted to enter an order "now for then" simply because such an order *should* have been entered at that time, but *nunc pro tunc* orders are only properly issued ·where such an order actually was

made, but through clerical misprision, was not entered.[2]

Appellant contends that appellees White and Pace,

"have no standing to raise the issue in that they are only incidental parties to this lawsuit; (b) White and Pace have failed to allege or show that they have or were prejudiced in the slightest by the extension granted by the trial court on February 28, 1975, and there is no intimation and no evidence submitted, alleged, or which can be adduced that White and Pace, if given notice, could have persuaded the trial court that the request for an extension should not be granted; (c) That evidence concerning the taking of an extension of time, if requested and taken by a Judge, designated by this Court, will demonstrate that the attorneys of record at all times knew that an extension in which to file a transcript was required due to the workload of the Court Reporter, that the order was issued by the Trial Court Judge on or prior to the 28th day of February, 1975; that directions and instructions given the trial court's reporter concerning the extension in which to prepare and file the transcript were given by the Trial Court prior to February 28th; and that from the date of the trial itself each and every attorney participating in this trial knew of the overloaded conditions facing the court reporter which would require an extension of time in which to allow the court reporter to prepare said transcript."

The short answer to the argument that White and Pace have no standing to make this motion is that *appellant* initially made White and Pace parties to the suit in its "counter-claim and cross-complaint," wherein they prayed that "Canal should be held free of any and all claims by the cross-defendant(s), Bessie G. White and Blanch Pace." As to prejudice, it might be said that this requirement does not appear in the rule; however, it is probably quite true that if this were the only question involved, or if failure to notify appellees' counsel were the only question involved, we might well take a

---

[2]Proper terminology would have been, "This order having been made on February 28, 1975, but through clerical error not having been noted, same is entered *nunc pro tunc.*"

different view.[3] Of course, general knowledge of a reporter's workload cannot be considered sufficient to create a waiver of the rule.

Appellant argues that sustaining of the motion to dismiss would create an intolerable situation for court reporters and that the simple ordering of a transcript would place upon a court reporter a burden to produce such transcript within 90 days since, "There is no legal requirement for Appellant's counsel to ask or move for an Extension of time in which to file the record on appeal and docket the appeal."[4]

We have no intention of placing such a burden upon the court reporter. Rather, we think this responsibility is on an appellant. That party is the purportedly aggrieved party, and unquestionably the principal one interested in, and to be benefited by, a reversal of a trial court judgment. We think it obvious that, having this paramount interest, the appellant shoulders the obligation to comply with all steps in a proceeding that might redound to his (or its) benefit.

We might also point out that this is not a matter where counsel for appellees waited until after briefs had been filed, and then made their motion to dismiss the appeal. Rather, on May 2, 1975, over a month and a half before appellant's brief was due, appellees filed a partial record and made their motion to dismiss the appeal. A response was filed and on May 27, this court passed the motion until "case heard on merits," requiring the motion to be briefed.

As previously stated, none of the three cases herein cited, related to an extension which was not granted within

---

[3]Counsel for all appellees stated in their briefs and stated in oral argument that they had not been notified of the request for extension of time. Of course, these are only statements, and this decision is not predicated on that fact, though the quoted portion of appellant's brief would indicate that there was no notice.

[4]It is not clear whether counsel mean that Rule 26A cannot be considered a "legal requirement," or whether counsel have overlooked the last line of the rule which commences, "Counsel seeking such an extention ***." This is the only part of the rule which specifically refers to the attorneys, though we consider it apparent that the entire rule relates to duties of counsel.

the original 90 day period — *and this is the very crux of the rule.* Appellant argues that a trial court, under § 27-2127.1, "In its discretion and with or without motion or notice, may extend the time for filing the record on appeal and docketing the appeal ***." That is true, but the wording immediately following the word "appeal" reads, "if the order for extension is made *before the expiration of the period for filing and docketing as originally prescribed or extended by a previous order ***.*" [Emphasis supplied.]

For the reasons herein stated, the appeal is dismissed. Since this motion was passed until the case was heard on its merits, the motion being briefed along with the merits of the controversy, and all court members having studied the entire briefs, it might be added that the judgment, even if considered on its merits, would be affirmed.