Don Reginold REYNOLDS *v.* Jimmy O. SPOTTS and Linda D. SPOTTS

85-122 692 S.W.2d 748

Supreme Court of Arkansas
Opinion delivered June 24, 1985

336

*Green Law Office*, by: *William A. Lafferty*, for appellant.

*Jake Brick, P.A.*, for appellee.

DAVID NEWBERN, Justice. The Court of Appeals has certified this case to us pursuant to Arkansas Supreme Court and Court of Appeals Rule 29. 1. c. and 29. 4. a. because it involves interpretation of court rules and statutes.

The trial court ordered adoption of two children by their stepfather. The natural father of the children contested the adoption, but it was decided his consent was not necessary because he had failed significantly, without justifiable cause, to support the children for a period of one year. *See* Ark. Stat. Ann. § 56-207(a)(2) (Supp. 1983).

The natural father is the appellant here. His bases for appeal are that his motion for new trial should have been granted because the preponderance of the evidence did not support the decision and the new trial should have been granted because of newly discovered evidence. Ark. R. Civ. P. 59(a)(6) and (7). We affirm because the appellant's notice of appeal was not timely, but we will discuss other points in hopes of providing some guidance for future cases.

The following is a chronology of some significant events:

1. August 31, 1983 Interlocutory decree of
 adoption entered

| | | |
|---|---|---|
| 2. | March 7, 1984 | Final decree of adoption entered |
| 3. | March 26, 1984 | Motion for new trial filed |
| 4. | August 1, 1984 | Motion for new trial denied |
| 5. | August 30, 1984 | Notice of appeal from denial of new trial filed |

 Most so-called "interlocutory" adoption decrees contemplate no further order being entered. They become "final" automatically on a set date more than six months but less than one year after the decree. Ark. Stat. Ann. § 56-214(c)(2) (Supp. 1983). In view of the lack of entry of a second or "final" order in most adoption cases and the resultant confusion as to appealability, we stated in a *per curiam* opinion that interlocutory adoption orders are appealable when no subsequent hearing is required by the terms of the decree. *In the Matter of Appeals from Adoption Orders*, 277 Ark. 520, 642 S.W.2d 573 (1982). The *per curiam* order was not meant to apply in cases like this one. Here there was to be no automatic finality. The decree was to become final in six months but only upon motion of the petitioners. There would be no point in requiring a motion or a "final" order if at least the possibility of a further hearing were not contemplated. In the final order the judge said "this cause comes on *to be heard* upon the Petition for Final Decree of Adoption." (Emphasis added.) The interlocutory decree required a further hearing in the sense meant by our *per curiam* order. Thus, the first appealable order in this case was the "final" order of March 7, 1984. No appeal was taken from that order.

 Nineteen days after entry of the final order, the appellant moved for a new trial. Ark. R. Civ. P. 59(b) requires that a motion for new trial be made not later than ten days after the entry of judgment. Thus the new trial motion was, on its face, untimely. The appellant contends, however, he did not receive notice of the motion or petition for the final adoption order and thus should not be held to the ten day requirement. The record does not show that the motion for the final adoption order was served on the appellant as is required by Ark. R. Civ. P. 5(a).

However, even if we calculate the time for filing the notice of appeal from the time the new trial motion was made, the notice of appeal was untimely.

■ Ark. R. App. P. 4(c), in part, provides:

. . . .

Unless the motion shall have been presented to the trial court and taken under advisement within the thirty (30) days, or the court shall have set a definite date for the hearing, it shall be deemed that the motion has been finally disposed of at the expiration of thirty (30) days from its filing, and the time for filing notice of appeal shall commence to run from the expiration of the thirty (30) days.

. . . .

Thus, assuming the new trial motion was timely, it was deemed denied thirty days from March 26, 1984, which fell on April 25, 1984 and the time for filing a notice of appeal ran out May 28, 1984.

■ In his reply brief the appellant argues he attempted to get a definite hearing date for his new trial motion and did so when he was "advised by the court to appear 'on any Wednesday.' " While we do not question counsel's assertion, we must point out that nothing in the abstract and nothing we have found in the record supports it. Even if it were supported in the record, however, we could hardly construe a setting for "any Wednesday" as being the "definite date" required in the rule.

■ The failure to file a timely notice of appeal deprives this court of jurisdiction. *La Rue* v. *La Rue*, 268 Ark. 86, 593 S.W.2d 185 (1980); *Yellow Cab Co.* v. *Sanders*, 250 Ark. 418, 465 S.W.2d 324 (1971). Therefore, subsequent denial of the new trial motion by the trial court and the attempted appeal of that order were irrelevant.

■ The appellees ask for fees and costs resulting from their having to file a supplemental abstract. Much of the abstract they

supplied was repetitious of that of the appellant, and the additions were not necessary to our understanding of the case. The request for fees and costs is denied. *Arkota Industries* v. *Naekel*, 274 Ark. 173, 623 S.W.2d 194 (1981).

Affirmed.

GEORGE ROSE SMITH, Justice, not participating.