Deborah MONK *v.* FARMERS INSURANCE
COMPANY

86-189                                                  716 S.W.2d 201

Supreme Court of Arkansas
Opinion delivered September 22, 1986

*Honey & Rodgers, P.A.,* by: *Charles L. Honey,* for
appellant.

*Huckabay, Munson, Rowlett & Tilley, P.A.,* by: *Beverly A.
Rowlett,* for appellee.

PER CURIAM. The appellee has moved to dismiss this appeal
because the appellant's notice of appeal was not filed within ten
days after her motion for a new trial was deemed to have been
disposed of in accordance with Ark. R. App. P. 4(c).

In her response, the appellant notes that her new trial motion
was deemed to have been disposed of on May 29, 1986, and her
motion for judgment n.o.v. was deemed disposed of on June 2,
1986. She contends that Ark. R. App. P. 4(a) permits her to
appeal within thirty days of either of the deemed disposals. The
notice of appeal was filed June 18, 1986.

The appellant would have us say that, because she is

appealing from the denial of the new trial, as well as the original judgment, Rule 4(a) rather than Rule 4(d) is controlling. The problem with our doing that is that the motion for new trial has not been denied. Rather, it has been "deemed disposed of" in accordance with Rule 4(c). When that occurs, the only appealable matter is the original judgment or order. The appeal must be within ten days of the deemed disposal of the motion as provided in Rule 4(d).

As authority for her point that an appellant has thirty days rather than ten to appeal from a "deemed disposed of" motion for a new trial, the appellant cites our opinion in *Reynolds* v. *Spotts*, 286 Ark. 335, 692 S.W.2d 748 (1985). In that opinion we correctly applied Rule 4(c) to bar an attempted notice of appeal filed on August 30, 1984, with respect to a case in which a new trial motion was deemed disposed of on April 25, 1984. We misspoke in that opinion when we said the time for filing a notice of appeal ran out on May 28, 1984. We should have said it ran out ten days from April 25, 1984.

■ As the failure to file a timely notice of appeal deprives this court of jurisdiction, *Smith* v. *Boone*, 284 Ark. 183, 680 S.W.2d 709 (1984); *La Rue* v. *La Rue*, 268 Ark. 86, 593 S.W.2d 185 (1980), the motion to dismiss is granted.