Marion GIBSON, Dale GIBSON, S.E. DECKER and Hazel DECKER *v.* Shelby CRAIN and Nan CRAIN

CA 85-306                                         716 S.W.2d 782

Court of Appeals of Arkansas
Division II
Opinion delivered October 1, 1986

*Donald E. Bishop* and *Johnny L. Nichols*, for appellants.

*Smith & Kelly*, by: *Michael E. Kelly*, for appellees.

DONALD L. CORBIN, Judge. In this case involving a boundary line dispute, appellants, Marion Gibson, Dale Gibson, S.E. Decker and Hazel Decker, attempt to appeal from an order dated July 18, 1985, overruling their motion for new trial. We hold that appellants' motion was deemed to have been disposed of thirty days after December 31, 1984, in accordance with Ark. R. App. P. 4(c). Inasmuch as appellants did not file their notice of appeal within ten days of the deemed disposal of the motion for new trial as provided in Rule 4(d), we are required to dismiss appellants' appeal.

Following the entry of the adverse judgment, appellants filed a timely motion for new trial on December 31, 1984, alleging that there was newly discovered evidence material to their case which they could not have discovered and produced at trial with reasonable diligence. ARCP Rule 59(a)(7). As additional grounds for new trial, appellants contended that the decision of the trial court was contrary to the preponderance of the evidence and was contrary to the law. ARCP Rule 59(a)(6). The record reflects that appellants' motion for new trial was not heard within thirty days from its filing, and that appellants did not, within that time frame, present it to the trial court and obtain a ruling either taking the motion under advisement or setting a definite date for the motion to be heard. Approximately seven months later, the trial court overruled appellants' motion for new trial after considering it upon its merits.

The sequence of the pertinent filings are set out for clarity:

*1984*

December 21—Judgment filed.

December 31—Motion for new trial filed.

*1985*

July 18—Order entered overruling motion for new trial.

July 25—Notice of appeal from denial of new trial filed.

In *Smith* v. *Boone*, 284 Ark. 183, 680 S.W.2d 709 (1984), the supreme court dismissed the appellants' attempted appeal from a judgment because the notice of appeal was not filed within the time permitted by law. The court in *Smith* followed Ark. R. App. P. 4(c), which provides as follows:

> It shall be the duty of the party filing any of the motions mentioned in section (b) of this rule to present the same to the trial court within thirty (30) days from the date of filing, and if the matter cannot be heard within those thirty (30) days, the moving party shall, within those thirty (30) days, request the court to set a definite date for hearing said motion. Unless the motion shall have been presented to the trial court and taken under advisement within the thirty (30) days, or the court shall have set a

definite date for the hearing, it shall be deemed that the motion has been finally disposed of at the expiration of thirty (30) days from its filing, and the time for filing notice of appeal shall commence to run from the expiration of the thirty (30) days. If, within the thirty (30) days, the motion shall have been presented to the court and taken under advisement, or the court shall have fixed a definite date for a hearing, the motion shall not be deemed to have been disposed of until the court shall enter its order granting or denying the motion.

In *Smith* the court noted that a written record of the trial court's action in taking the motion under advisement or setting a date for its hearing is mandatory.

█ Ark. R. App. P. 4(d) provides that:

If the motion is denied by the court or is deemed to have been disposed of at the expiration of thirty (30) days from its filing, any party desiring to appeal from the judgment, decree or order originally entered shall have ten (10) days from the entry of the order denying the motion or from the date of its disposition as herein provided, within which to give notice of appeal; but this rule does not shorten the time for filing notice of appeal to less than thirty (30) days from the date of entry of the original judgment, decree or order.

In *Reynolds* v. *Spotts,* 286 Ark. 335, 692 S.W.2d 748 (1985), the supreme court applied Rule 4(c) and (d) to bar an attempted notice of appeal filed on August 30, 1984, with respect to a case in which a new trial motion was deemed disposed of on April 25, 1984. The court there held that the time for filing a notice of appeal ran out ten days from April 25, 1984.

In a *per curiam* decision, *Monk* v. *Farmers Insurance Co.,* 290 Ark. 38, 716 S.W.2d 201 (1986), the supreme court reaffirmed this position and granted the appellee's motion to dismiss the appeal for the appellant's failure to file a timely notice of appeal pursuant to Rule 4(c) and (d). The appellant's motion for new trial was deemed to have been disposed of and appellant did not appeal within ten days of the deemed disposal of the motion for new trial.

In the case at bar appellants did not obtain a written record of the trial court's action in taking their motion for new trial under advisement or setting a date for its hearing. Accordingly, appellants' motion was deemed to have been disposed of thirty days after December 31, 1984. Appellants did not file their notice of appeal within ten days of that date and it was therefore untimely. Assuming arguendo that appellants had in fact followed Rule 4(c), the trial court nevertheless lost jurisdiction to rule on appellants' motion ninety days after the judgment was filed pursuant to ARCP Rule 60(b). *Mullen* v. *Couch*, 288 Ark. 231, 703 S.W.2d 866 (1986).

Dismissed.

CLONINGER, J., agrees.

MAYFIELD, J., concurs.

MELVIN MAYFIELD, Judge, concurring. I concur in the majority opinion, but I want to emphasize the danger that may exist for any who misinterprets the holdings in the cases of *Mullen* v. *Couch*, 288 Ark. 231, 703 S.W.2d 866 (1986), and *Reynolds* v. *Spotts*, 286 Ark. 335, 692 S.W.2d 748 (1985).

In *Mullen*, the court held that a trial court loses jurisdiction to rule on a timely motion for new trial 90 days after the judgment is filed with the clerk. In *Reynolds*, as clarified by the court's per curiam opinion, issued September 22, 1986, in *Monk* v. *Farmers Ins. Co.*, the court held that a timely motion for new trial is *deemed* denied 30 days from the day it is filed unless within that period it has been taken under advisement or set for a hearing.

However, it is not clear to me whether an order (filed within 30 days after a timely motion for new trial is filed) taking the motion under advisement or setting it for hearing will extend the time the court has to act upon it so that the court does not lose jurisdiction to grant the motion at the end of 90 days after it is filed.

Of course, under the Supreme Court and Court of Appeals Rule 29(1)(c), this court *applies* rules of court but does not *interpret* or *construe* those rules, but I feel compelled to mention the question that appears to exist under the circumstances

discussed above.