Toai Cong PHAM *v.* Hanh My TRUONG

86-190                                    725 S.W.2d 569

Supreme Court of Arkansas
Opinion delivered March 9, 1987

*Gary L. Carson*, for appellant.

*Pearson, Woodruff & Evans*, by: *C. Thomas Pearson, Jr.* and *Pat A. Jackson*, for appellee.

TOM GLAZE, Justice. This case involves the parties' adoption of a six-month-old girl, Mai Thanh Truong. Upon the parties petitioning to adopt Mai, Mai's natural parents entered their consents to the adoption, after which the trial court, on September 17, 1984, entered its temporary decree, finding and ordering Mai to be the parties' child. Twenty months later, on May 27, 1986, the appellant, adoptive father, petitioned the trial court to allow the withdrawal of his earlier request to adopt Mai and to

vacate the September 1984 decree. Appellant's request ultimately was denied, and resulted in the trial court's entry of a final decree on July 8, 1986, declaring both appellant and appellee the adoptive parents of Mai. On appeal, appellant contends the trial court erred in finding it had no jurisdiction to vacate the September 1984 decree or to dismiss him from the adoption proceedings, prior to entry of the July 8, 1986, final decree. We hold the trial court was correct, and, therefore, affirm.

■■ Appellant waited twenty months before he moved to set aside the September 1984 temporary order of adoption. His action simply was untimely. Under Ark. Stat. Ann. § 56-216 (Supp. 1985), an adoption decree issued for one year or more cannot be questioned by any person, including the petitioner (adoptive parent), in any manner or upon any ground unless, in the case of the adoption of a minor, the petitioner has not taken custody of the minor. Appellant makes no assertion that he had never taken custody of Mai. Thus, the time limitation contained in § 56-216(b) was in no way tolled. In addition, he failed to offer any reasons whatsoever why either the court's temporary order of September 1984, or its final order of July 8, 1986, should be vacated.

■ Instead, appellant argues he had an "absolute right" to dismiss his petition anytime prior to the entry of a final decree, and, to support his argument, he relies upon Rule 41 of the Arkansas Rules of Civil Procedure. Under that rule, which allows voluntary dismissals, he says he was permitted to have his petition dismissed at anytime prior to the court taking the case under submission and rendering a final decree. Appellant's argument fails to recognize that an interlocutory decree of adoption, while it is in force, has the same legal effect as a final decree of adoption. *See* Ark. Stat. Ann. § 56-215 (Supp. 1985). Here, appellant failed not only to file a timely motion, alleging proper grounds, to vacate the court's September 1984 interlocutory decree, he was also dilatory in requesting the court to dismiss his petition.

■■ Finally, we note appellant's argument, citing *Reynolds* v. *Spotts*, 286 Ark. 335, 692 S.W.2d 748 (1985), that the court's 1984 adoption order, by its own terms, required a hearing before it became final. Under this factual and legal scenario, and because he moved to dismiss his petition on May 27, 1986,

appellant contends the court should have granted his motion since he acted before entry of the July 8, 1986, final order. We reject this argument because we read both the facts and the temporary order in *Reynolds* to be different from those before us here. Unlike in *Reynolds*, the court's temporary order here did not provide it would become final *only* upon motion of the petitioner. But, even if the order were like the one in *Reynolds*, the issue there was limited to the order's appealability. Aside from any such issue, the appellant here evidenced no interest in appealing the court's 1984 temporary order, nor did he timely move to vacate that order, even though he was certainly authorized to do so under our Revised Uniform Adoption Act. *See* Ark. Stat. Ann. § 56-214(c) (Supp. 1985). Meanwhile, consistent with the provisions of the Act, the court's temporary order effectively and conclusively created the relationship of parent and child between appellant and Mai, as if Mai were appellant's legitimate blood descendant. That relationship involves duties of care, maintenance and education with rights of custody, control and service of the child. Unless proper grounds are timely alleged and shown, an adoptive parent should not be freed of the parental obligations he or she willingly had undertaken. *Cf. In re McDuffie*, 352 S.W.2d 23 (Mo. 1961); *Allen* v. *Allen*, 214 Or. 664, 330 P.2d 151 (1958); *see also* 2 C.J.S. *Adoption of Persons* §115 (1972) (adoptive parents may bring action but annulment at the behest of the adoptive parents is not favored).

Because we find no merit in appellant's points for reversal, we affirm.