Robert Leo ROSSI *v.* Ethel Moore ROSSI

94-703                                    892 S.W.2d 246

Supreme Court of Arkansas
Opinion delivered February 6, 1995

*Crockett, Brown & Worsham, P.A.*, by: *Robert J. Brown*, for appellant.

*Howell, Trice & Hope, P.A.*, by: *William H. Trice, III*, for appellee.

ROBERT H. DUDLEY, Justice. The final order was entered in this divorce case on December 27, 1993. A notice of appeal was not filed with the clerk of the court that entered the judgment within thirty days. On April 8, 1994, more than ninety days after the entry of the final order, appellant filed a motion entitled "Rule 60 Motion to Correct Misprision by the Clerk." In the motion, appellant admitted that he had not timely filed the notice with the chancery clerk, but asserted that his courier erroneously delivered the notice of appeal to the circuit clerk's office on January 21, 1994. He asked the chancellor to enter a *nunc pro tunc* order providing that the notice was filed in the chancery court clerk's office on January 21, 1994. After hearing evidence the chancellor denied the motion. Appellant first appeals from the chancellor's ruling on his Rule 60 of the Arkansas Rules of Civil Procedure motion and second, upon condition that we reverse the ruling on the motion, attempts to appeal from the decree of divorce. We affirm the ruling on the Rule 60 motion and do not reach appellant's arguments on the merits of his attempted appeal.

Rule 3(b) of the Arkansas Rules of Appellate Procedure provides that "[a]n appeal shall be taken by filing a notice of appeal with the clerk of the court which entered the judgment, decree, or order from which the appeal is taken." Rule 4(a) provides that the notice of appeal "shall be filed within thirty (30) days from the entry of the judgment, decree or order appealed from," with exceptions not applicable to this case. Appellant argues that he substantially complied with Rules 3 and 4. Substantial compliance is not sufficient. The failure to file a timely notice of appeal deprives the appellate court of jurisdiction. *Reynolds* v. *Spotts*, 286 Ark. 335, 692 S.W.2d 748 (1985). While it is true that some irregularities in the form of a timely notice of appeal do not deprive the appellate court of jurisdiction, the failure to give the notice in a timely manner is fatal to an appeal. *Henderson Methodist Church* v. *Sewer Improvement Dist. No.*

*142*, 294 Ark. 188, 741 S.W.2d 272 (1987). Here, the courier was an agent or employee of the attorney, and it was his fault that the notice of appeal was not timely filed with the clerk of the court that entered the judgment.

Appellant asks us to make an exception in this case because, he contends, a clerical error by the circuit clerk was the reason for his failure to timely give the notice of appeal to the chancery clerk, and, since it was the circuit clerk's error, the chancellor erred in refusing to order that a notice of appeal be entered *nunc pro tunc*. The request for an exception in this case is without merit.

■    The error was not merely an error by the circuit clerk. It was an error by the attorney. *Nunc pro tunc* orders are not to correct errors by an attorney. It is the duty of the attorney, not of the clerk, to perfect an appeal. *Edwards* v. *City of Conway*, 300 Ark. 135, 777 S.W.2d 583 (1989). If we were to overrule the holding of *Edwards*, we would lessen the finality of judgments and bring about additional difficulties because one could not look at the record and determine whether a judgment was final.

■    Equally important, appellant asks us to hold that the chancellor erred in refusing to issue a *nunc pro tunc* order stating that the notice of appeal was timely filed in chancery court. Our standard of review in such cases is well settled.

> At all events, the making or refusing of the order rested in the sound discretion of the lower court. *Richardson* v. *State*, 169 Ark. 167, 273 S.W. 367; *Ward* v. *Magness*, 75 Ark. 12, 86 S.W. 822; 30 Am. Jur. 868; and on appeal, we will not reverse the action of the lower court in refusing to make the order *nunc pro tunc* unless there was either a clear abuse of discretion, or no substantial legal evidence to support the ruling of the lower court. In Freeman on Judgments (5th Ed.), § 136, it is stated: "In considering the sufficiency of the evidence to sustain an order directing or refusing to direct a *nunc pro tunc* entry, an appellate court will follow the usual rule governing review of questions of fact and will not disturb the ruling below if it is sustained by any substantial evidence."

*Mitchell* v. *The Federal Land Bank*, 206 Ark. 253, 260, 174 S.W.2d 671, 675-76 (1943).

The chancellor did not abuse her discretion in refusing to grant the *nunc pro tunc* order. A trial court is permitted to enter an order *nunc pro tunc* when the record is being made to reflect that which occurred but was not recorded due to a misprision of the clerk, but a court may not change the record to do that which should have been done but was not. *Canal Ins. Co.* v. *Arney*, 258 Ark. 893, 530 S.W.2d 178 (1975). Here, appellant did not file a notice of appeal with the chancery court clerk within the time allowed, and the chancellor so found. The chancellor even went so far as to state that if appellant had given the court reporter a copy of the notice of appeal within the thirty-day period she might be able to afford relief, but appellant had not timely given the court reporter a copy of the notice of appeal. Under these facts, the chancellor ruled that she could not change the record to do that which should have been done but, in truth, was not done. The chancellor did not abuse her discretion in the ruling. To hold otherwise would require a holding that the chancellor abused her considerable discretion because she did not change the record to reflect something was done when, in truth, it was not done.

Affirmed.

HOLT, C.J. and BROWN, J., dissent.

ROAF, J., not participating.

ROBERT L. BROWN, Justice, dissenting. The majority has decided that Robert Rossi's notice of appeal was untimely filed. The majority concludes that although the notice was filed within thirty days of the decree in the correct county, it was filed in the circuit clerk's office and never received in the chancery clerk's office within the required time period. Because this obvious inadvertence could have been corrected had standard courthouse procedures been followed, I would deem the notice timely filed. To do otherwise is to penalize a party, even when clerical error is partially the reason for the defect.

At the hearing on this matter, Susan Inmon, then supervisor of the Civil-Criminal Department of the Pulaski County Circuit Clerk's Office testified:

COUNSEL: Okay. And how long have you had that position?

INMON: I have been with the office for ten years. I have supervised for about four.

COUNSEL: So, you are well qualified to give an opinion as to the custom and practice or to testify as to the custom and practice in the Circuit Clerk's Office?

INMON: Yes.

COUNSEL: Okay. And what is the standard procedure for instances in which you have a Chancery Court filing that is inadvertently submitted and accepted by the Circuit Clerk for filing?

INMON: Well, procedurally we will file mark the document as it comes across the counter, place it in a basket and then the clerks will enter it the following morning.

This particular case, the file number is not one of our cases. In fact it is a closed case so the clerks couldn't even enter it into our system. And when we do realize we have received a Chancery or another Court's filing, particularly Chancery, we will "X" out our file mark on the original, send it through the county's courier to the Chancery Clerk's Office.

COUNSEL: Okay. That would be directly — I guess downstairs, well, around the corner?

INMON: Right.

COUNSEL: So, in all — in your standard procedure it would be, what, the day after the filing —

INMON: It would be the following day.

COUNSEL: — in which you would transfer that document to the Chancery Court's Office. Is there any instructions that you know of that are given to the Chancery Court Clerk?

INMON: No. It is placed in a manila envelope or an envelope and just Chancery is written across it and it is placed in the pick up box for the county courier.

COUNSEL: Okay. And the filing date essentially

speaks for itself? It just tells the Chancery Court Clerk when it was filed?

INMON: Well, we "X" out our filing date because it is not filed in our office.

COUNSEL: Okay. Does this happen with any degree of frequency?

INMON: It happens occasionally and it happens in the Chancery Clerk's Office because they will forward us documents that were inadvertently filed there.

This case is sufficiently analogous to the circumstances of *Linder* v. *Howard*, 296 Ark. 414, 757 S.W.2d 549 (1988) for that case to be precedent. In *Linder*, the plaintiff filed her complaint arising out of a car accident in the chancery clerk's office one day before the statute of limitations was to run. After the limitations period ran, the mistake was caught, and the transfer to the circuit clerk's office was made. The defendant moved for summary judgment on the limitations issue, and the circuit court granted the motion. We reversed on appeal on the basis that Ark. Code Ann. § 16-57-104(a) (1987) contemplates a transfer to the proper docket when erroneous filings are made. Hence, the statute of limitations was tolled by the inadvertent commencement of the action in chancery court.

In the case before us, Rule 60(a) of the Rules of Civil Procedure reads:

(a) Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own motion or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

It was clearly a mistake for the courier service to file the notice of appeal with the circuit clerk. But it was also a clerical mistake to log the notice of the appeal in that court. It was further a clerical mistake to "X" out the file mark and void the filing

without notifying appellant's counsel. It was, finally, a mistake for courthouse procedures not to have been followed to rectify the mistake. The notice should immediately have been transferred to chancery court in accordance with the established practice testified to by Ms. Inmon. Rather than that occurring, somehow the "X'ed out" version of the notice of appeal appeared on the court reporter's desk after the 30-day period had run.

Other jurisdictions have avoided the harshness of the result reached in this case. *See, e.g., Alfonso* v. *Dept of Environmental Regulation*, 616 So.2d 44 (Fla. 1993); *People* v. *Greathouse*, 742 P.2d 334 (Colo. 1987). In *Alfonso*, the Florida Supreme Court retreated from prior caselaw and held that a notice of appeal filed in the court of appeals rather than the trial court, though the wrong court, appropriately invoked appellate jurisdiction. The Supreme Court directed that the notice of appeal be transferred to the correct clerk with the date of filing being the date the document was filed in the wrong court.

Appellate courts have not dismissed appeals even when the notice of appeal was mistakenly filed in the wrong county (*Sinicropi* v. *Town of Indian Lake*, 538 N.Y.S.2d 380 (A.D. 3 Dept 1989)), or when the court clerk erroneously filed and docketed a notice of appeal filed in the wrong division of that court (*In Re Estate of Tague*, 514 N.E.2d 910 (Ohio App. 1986)) or, again, when the notice was filed in the appellate court rather than the trial court (*Resolution Trust Corp.* v. *Foust*, 869 P.2d 183 (Ariz. App. Div. 1 1993)).

This is not a case, however, where the party filed a notice of appeal in the appellate court rather than the trial court. It is a case where the party correctly filed in the trial court, but in the wrong trial court, and courthouse procedures were not followed to remedy the mistake. The case is most analogous to the facts of *In Re Estate of Tague, supra*, where the appellate court looked to clerical error to reach the correct result.

The majority avoids the fairness issue that permeates this case when it hinges its decision on the movant's mention of *nunc pro tunc* relief in his motion. Neither party argues that issue on appeal. And what the movant clearly requested from the court was that the notice of appeal be placed of record in the chancery case and considered as timely filed. The chancery court considered the

motion in that vein and made no mention of a *nunc pro tunc* problem in its order. Rather, the court's decision was premised on the appellant's failure to comply substantially with the Appellate Rules and because of insufficient proof. The court stated:

1. The Notice of Appeal and Designation of Record has not been filed with the Pulaski County Chancery Clerk.

2. The subject Notice of Appeal and Designation of Record was not received by this Court until after the time for its filing had run.

3. The Defendant failed to substantially comply with the Rules of Appellate Procedure.

4. The Defendant failed to present sufficient proof that there was a clerical misprision.

5. For the foregoing reasons, the Defendant's Motion is hereby denied.

In this matter, it is all too clear that a clerical misprision occurred. Because of the uncontroverted facts, the decision in this case turns on the question of whether a blind adherence to Ark. R. App. P. 3(b) is appropriate under these facts. I do not believe that it is. We should treat the error in this case, which was the shared responsibility of several parties, for what it was — an inadvertence, a misprision, a technical defect — and reach the merits of this appeal.

I respectfully dissent.

HOLT, C.J., joins.