Robert Leroy COKER v. CHILD SUPPORT
ENFORCEMENT UNIT

CA 99-756                                              12 S.W.3d 669

Court of Appeals of Arkansas
Divisions I and II
Opinion delivered March 15, 2000

*Victoria K. Cochran-Morris*, for appellant.

G. *Keith Griffith*, for appellee.

JOSEPHINE LINKER HART, Judge. Appellant, Robert Leroy Coker, appeals from the entry of a final order of adoption denying his motion to dismiss the petition for adoption.[1] On December 10, 1996, appellant and his then-wife, Rhonda Coker, filed a petition for adoption in which appellant sought to adopt the minor child and son of Rhonda Coker, Heath Ralston. The petition noted that Ralston had resided with the appellant and Coker since their marriage on August 25, 1995. On December 12, 1996, the court entered a temporary order of adoption,[2] noting that Ralston had resided with Rhonda Coker and appellant since their marriage. In the order, the court granted their petition for adoption.

On February 19, 1999, appellant filed his motion to dismiss the petition for adoption. In the motion, he alleged that his marriage to Rhonda Coker had deteriorated, that she had filed a petition for divorce on April 3, 1997, and that a decree of divorce was entered on June 4, 1997. Appellant stated that it was his belief that Rhonda Coker understood that the adoption would not take place. Appellant further stated that "since the parties are divorced and since the filing of this Petition and the problems with their marriage, the Petitioner has not had any contact with the minor child or been a care giver for the minor child...." He explained that his motion was dilatory because his attorney had withdrawn as counsel and appellant believed that the case had been dismissed. He stated that he only recently learned otherwise.

On April 5, 1999, without a hearing, the court entered an order of adoption and dismissed appellant's motion to dismiss. It reaching its decision, the court, relying on *Pham v. Truong*, 291 Ark. 442, 725 S.W.2d 569 (1987), stated that "a temporary adoption decree issue for one year, or more, cannot be questioned by any person, including the petitioner (adoptive parent), in any manner, or upon any grounds, unless, in the case of the adoption of a minor, the petitioner has not taken custody of the minor." The court

---

[1] The record does not disclose why the Child Support Enforcement Unit is involved in this case.

[2] The record does not disclose why the Child Support Enforcement Unit is involved in this case.

further noted that appellant did not allege that "he has never taken custody of the minor child."

In his appeal, appellant raises several arguments contending that the court erroneously denied his motion to dismiss. In part, he relies on Ark. Code Ann. § 9-9-216(b) (Repl. 1998) and contends that a hearing should have been held because a material issue existed as to whether he ever had custody of the minor child. That statute provides as follows:

> Subject to the disposition of an appeal, upon the expiration of one (1) year after an adoption decree is issued, the decree cannot be questioned by any person including the petitioner, in any manner upon any ground, including fraud, misrepresentation, failure to give any required notice, or lack of jurisdiction of the parties or of the subject matter unless, in the case of the adoption of a minor, the petitioner has not taken custody of the minor or, in the case of the adoption of an adult, the adult had no knowledge of the decree within the one-year period.

In *Pham*, the appellant waited twenty months before he moved to set aside the temporary order of adoption. Citing what is now Ark. Code Ann. § 9-9-216, the court noted that an adoption decree issued for one year or more cannot be questioned by any person, including the petitioner, in any manner or upon any ground unless, in the case of the adoption of a minor, the petitioner has not taken custody of the minor. The court noted that the appellant made no assertion that he had never taken custody of the adoptee. Thus, his motion to set aside was untimely.

In contrast, in the case at bar, appellant asserted in his motion to dismiss that "since the filing of this Petition and the problems with their marriage, the Petitioner has not had any contact with the minor child or been a care giver for the minor child...." However, appellant asserted in the petition for adoption that the minor child had resided with him since his marriage to Rhonda Coker on August 25, 1995. This, in our view, presents a question of fact that should have been decided after a hearing on the merits rather than on summary judgment. Consequently, we reverse and remand to permit the court to hold a hearing on this matter. In light of our reversal, we need not address appellant's remaining arguments.

Reversed and remanded.

Bird, Crabtree, and Meads, JJ., agree.

Jennings and Neal, JJ., dissent.

Olly Neal, Judge, dissenting. The majority adequately sets forth the relevant facts; however, I believe the following dates warrant reiteration. On August 25, 1995, appellant and Rhonda Coker were married. On December 10, 1996, appellant filed a petition to adopt his stepson, and on December 12, 1996, an interlocutory decree of adoption was entered. On April 3, 1997, appellant's wife filed a petition for divorce, and a decree of divorce was entered on June 4, 1997. Appellant filed a motion to dismiss the adoption petition on February 19, 1999.

The majority finds that a fact question exists as to whether appellant ever took custody of the minor child and warrants reversal of the probate judge's order and a hearing on the merits of appellant's motion. This finding is based upon the assertion appellant made in his motion to dismiss that "since the filing of this Petition and the problems with their marriage, the Petitioner has not had any contact with the minor child or been care giver for the minor child...," and the assertion in the December 10, 1996, adoption petition that the minor child had resided with him since August 25, 1995. Such a conclusion is not supported by the record. I submit that the trial court could properly deny the motion to dismiss where the facts show that the child had resided with appellant in excess of one year prior to the entry of the interlocutory decree and for several months after the decree's entry.

I respectfully dissent.

Jennings, J., joins in this dissent.