IN RE: Albert Wayne DAVIS,
Arkansas Bar ID # 76026

01-460                                          43 S.W.3d 156

Supreme Court of Arkansas
Opinion delivered May 17, 2001

*Lynn Williams*, for petitioner Professional Conduct Committee.

No response.

PER CURIAM. On November 13, 2000, the Pulaski County Circuit Court entered an order of disbarment of Albert Wayne Davis. Mr. Davis and his counsel were served with copies of the circuit court's order. Mr. Davis had a right to appeal that disbarment order in accordance with the rules governing appeals of civil cases, Section 5L.(4) of the Procedures Regulating Professional Conduct, but when no appeal was timely perfected, the circuit court's order became final and binding on all parties. *See* Section 5L.(5) of the Procedures of Regulating Professional Conduct.

The rule is well settled that the failure to file a timely notice of appeal deprives this court of jurisdiction. *Rossi v. Rossi*, 319 Ark. 373, 892 S.W.2d 246 (1995); *Monk v. Farmers Ins.*, 290 Ark. 38, 716 S.W.2d 201 (1986). Here, Mr. Davis did not timely perfect an appeal from the lower court's disbarment order, therefore, the circuit court's order is final.

■ The Professional Conduct Committee has filed its petition with this court on May 16, 2001, alleging that Mr. Davis has been disbarred by the Pulaski County Circuit Court's order, and requesting this court enter its order barring Mr. Davis from the practice of law and removing his name from the list of attorneys permitted to practice law. The Committee's purpose in filing its petition is essentially ministerial and necessary to officially remove Mr. Davis's name from the court's registry of licensed attorneys. While the Committee should have given notice of its petition to Mr. Davis, *see* Rule 11 of the Rules of Civil Procedure, we direct this court's clerk in this instance to cause Mr. Davis to be served with a copy of the Committee's petition to the last address Mr. Davis has provided the clerk's office. *See In Re: Salamo*, 310 Ark. 446, 841 S.W.2d 589 (1992); *see also* Section 5E. Any response must be made within ten days after service of the petition on Mr. Davis.