**AMERICAN ZINC OXIDE CO., Plaintiff-Appellee, v. LOCAL UNION No. 536 et, Defendants-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 4240.   Decided January 13, 1949.

Vorys, Sater, Seymour & Pease, Seymour of Counsel, Columbus, for plaintiff-appellee.

Mayer & Mayer, Columbus, for defendants-appellants.

## OPINION

By THE COURT.

Submitted on motion by the plaintiff-appellee for an order to dismiss the appeal on questions of law and fact and that the same shall be retained for hearing on questions of law only.

The record discloses that this case is before the Court on a proceeding to review a judgment of the Court of Common Pleas finding the defendants guilty of contempt of court. This proceeding is being prosecuted under §12146 GC, which provides that a party found guilty of contempt may have his case reviewed on error. Contempt proceedings are quasi-criminal in their nature and therefore can not be considered chancery cases. Ragsdale v. Ragsdale, 30 O. C. A. 128. The motion to dismiss the appeal on law and fact will therefore be sustained, and the appellants will be given thirty days to perfect their appeal on questions of law as provided by Rule VII of this Court.

The plaintiff-appellee further moves the Court to set aside the order entered on December 8, 1948, fixing the amount of the bond of the defendants and suspending the execution of the judgment for the reason that at the time said order was made and entered this Court had no jurisdiction of the subject matter of the action.

The record discloses that notice of appeal was filed in the trial court on December 9, 1948, but a copy of said notice was filed in this Court on December 8th at which time the order was entered fixing the amount of the stay bond in compliance with §12146 GC. This Court does not, however, have the power to fix the bond under this section until the proceedings in error are commenced. The proceedings in error can only be commenced by the filing of a notice of appeal in the trial court, and until the notice of appeal is filed there this Court has no jurisdiction. In **Damar Realty Co. v. Cleveland, 140 Oh St 432,** in construing the Appellate Procedure Act the Court said:

"Construing the language employed liberally, we are of the opinion that the only jurisdictional step in any case is the filing of the notice of appeal."

See also, **State, ex rel. v. Brookes, 142 Oh St 107; Fifty West Broad, Inc., v. Poulson, 41 Abs 212.**

We, therefore, are of the opinion that this Court was without jurisdiction to enter the order of December 8, 1948, and that the same is null and void and should be set aside.

The appellee further requests, in the event said order is set aside, that it be given an opportunity to be heard before the fixing of a new bond. This request is proper and the same will be complied with.

Since the Court had no jurisdiction to enter the order of December 8 the matter of the sufficiency of the bond, which is also raised in the motion, becomes immaterial.

The motion will be sustained as heretofore indicated.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.

### ON MOTION TO DISMISS THE APPEAL

No. 4240.  Decided March 16, 1949.

By THE COURT.

Submitted on motion by the plaintiff-appellee for an order to dismiss the appeal for want of prosecution.

The record discloses that on January 18, 1949, this Court entered an order fixing the time for the preparation and settlement of a bill of exceptions on or before thirty days from the date of the filing of said order, and further ordering that appellants were given forty days from said date in which to file their assignments of error, brief and bill of exceptions. Said forty day period has now expired and nothing has been filed by the appellants. The motion to dismiss is sustained.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.

### ON MOTION TO DISMISS THE APPEAL

No. 4286.  Decided May 27, 1949.

By THE COURT.

Submitted upon motion by the plaintiff-appellee seeking an order dismissing the appeal on questions of law and fact, and

permitting the appeal to stand for hearing on questions of law only.

The record discloses that the notice of appeal is directed to a judgment finding the defendants guilty of contempt of court. This is not a chancery case and is therefore not appealable on law and fact. Ragsdale v. Ragsdale, 30 O. C. A. 128. The motion to dismiss the appeal on questions of law and fact will be sustained and the case will be retained for determination on questions of law only. The appellants will be granted leave to file bill of exceptions, assignments of error and briefs within the time provided by supplement to Rule VII of this court.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.