PIPER, APPELLEE, v. BURDEN, APPELLANT.

(No. 1-84-32—Decided June 29, 1984.)

*DaPore & Associates Co., L.P.A.,* and *Mr. Joseph C. DaPore,* for appellee Bart N. Piper.

*Messrs. Cory, Leonard, Witter & Cheney* and *Mr. Robert K. Leonard,* for appellant Beverly S. Burden.

*Per Curiam.* The matter before this court in this instance is plaintiff's motion to dismiss an untimely appeal and defendant's motion for clarification of timeliness of appeal (and her response in opposition to plaintiff's motion).

The facts pertinent to this matter are, briefly stated, as follows:

Defendant's notice of appeal from a judgment entered by the court of common pleas on May 14, 1984 was due to be filed on or before June 13, 1984, that being thirty days after the date of the entry of judgment (see App. R. 4).

Defendant's counsel did not file her

notice of appeal at or before the time that the clerk of court's office closed for the day on June 13, 1984.

Defendant's counsel contacted a deputy clerk at his home shortly after the clerk's office was closed, and the deputy clerk suggested that he file defendant's notice of appeal with a court of common pleas judge. Defendant did leave the notice of appeal with a court of common pleas judge at his home at approximately 5:15 p.m. on June 13, 1984, who delivered it to the clerk on the following day for filing.

Plaintiff moved this court to dismiss defendant's appeal as being untimely filed and to strike the notice of appeal.

Defendant seeks clarification as to what filing rule applies and opposes dismissal of her appeal.

Defendant states, in her memorandum in support of her motion and response, that her notice of appeal was filed under Civ. R. 5(E), which states that:

"The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of court, except that the judge may permit the papers to be filed with him, in which event he shall note thereon the filing date and forthwith transmit them to the office of the clerk."

By the very language of the above rule, it applies only to papers required by "these [Civil] rules * * *."

On the other hand, App. R. 4, which deals specifically with the taking of an appeal, states, in pertinent part, that:

"(A) In a civil case the notice of appeal required by Rule 3 shall be filed *with the clerk* of the trial court within thirty days of the date of the entry of the judgment or order appealed from * * *." (Emphasis added.)

We find that the specific appellate rule governs in this situation, and, therefore, that the notice of appeal in this matter was not filed "with the *clerk* of the trial court * * *," as required.

Furthermore, only a notice of appeal left at the office of the clerk of court with the clerk, himself, or with his deputy while the office is open for business, is required to be filed by the clerk. See *Taylor* v. *Wallace* (1877), 7 Ohio Dec. Rep. 328, affirmed (1877), 31 Ohio St. 151; 1973 Ohio Atty. Gen. Ops. No. 091. The deputy clerk had no duty to accept the notice of appeal for filing after the office was closed.

For these reasons, we find plaintiff's motion well-taken and that the appeal should be dismissed.

*Appeal dismissed.*

MILLER, P.J., GUERNSEY and COLE, JJ., concur.