IN RE ESTATE OF TAGUE.

(No. 86AP-51 — Decided July 31, 1986.)

*Andrew J. Love,* for appellant Suzanne V. Sundberg.

*Tenuta & Kerns* and *Luigia Tenuta,* for appellees Theodore C. Ball, Administrator W.W.A., and Lucy V. Hickey.

WHITESIDE, J. Appellees, Theodore C. Ball, Administrator W.W.A. for the Estate of John P. Tague, and Lucy V. Hickey, have moved this court to reconsider the order entered herein reinstating this appeal, and to dismiss this appeal upon the ground that the notice of appeal was not timely filed.

The certified transcript of docket entries filed in the trial court on November 4, 1985, but not received by the clerk of this court until January 17, 1986, indicates that the notice of appeal was filed on October 7, 1985, and that an amended notice of appeal was filed on October 9, 1985 (being indicated as documents 93 and 94 of the original papers). This certification by the clerk of the trial court, *probate* division, imports veracity and must be the predicate for this court's determination herein.

An amended and supplemental certified transcript of docket entries dated January 29, 1986 was transmitted to the clerk of this court on that date. However, it contains no purported correction of the original certified transcript of docket entries but, instead, commences where the original certification ceased with document 95. There is an indication in the amended certification of filing of the notice of appeal and amended notice of appeal on January 17, 1986 (being indicated as documents 106 and 107 of the original papers). The record now contains two copies each of the notice and amended notice of appeal, neither of which is file-stamped by the clerk of the *probate* division of the common pleas court.

However, both the notice and amended notice of appeal are file-stamped on October 7 and 9, 1985, respectively, by the clerk of the *general* division of the common pleas court. Appellees contend that the notice and amended notice were filed with the wrong clerk of the trial court and, thus, were not timely filed. The notice of appeal, however, is clearly labelled "In the Court of Common Pleas, Franklin County, Ohio, Probate Division" and bears the case number "Probate Court No. 351983." Unfortunately, both documents also bear another case number (stamped on the notice of appeal and typed on the amended notice of appeal) of "85CV-10-5718," which apparently was erroneously assigned to, and stamped on, the notice of appeal by the clerk of the general division of the common pleas court.

Since the notice of appeal was clearly labelled as being in the probate division and bore the proper probate division case number, it was a clerical error for the clerk of the general division to file and docket the notice of appeal, assuming this is what occurred. Instead, the clerk of the general division should have forthwith forwarded the notice of appeal to the clerk of the probate division for filing and docketing.

The issue before this court is whether appellant loses her right of appeal as a result of the clerical error by the clerk of the general division, assuming the original certification of docket entries by the clerk of the probate division to this court is inaccurate as to the date the notice of appeal was filed in the probate division. It is suggested by appellees that a judge of the general division finally ordered both the notice and the amended notice of appeal removed from the files of the

clerk of the general division and transferred to the clerk of the probate division only after the time for appeal had elapsed, even though the notice of appeal had been filed twenty days after the entry of judgment in the probate division.

The only authority cited by appellees (other than the Appellate Rules) is *American Zinc Oxide Co.* v. *Local Union No. 536* (App. 1949), 54 Ohio Law Abs. 581, 88 N.E. 2d 287, which has no bearing upon the issue before us, no issue of the timeliness of a notice of appeal being determined therein. Appellees also make reference to general statements in Ohio Jurisprudence. See, however, *Siebenthal* v. *Summers* (1978), 56 Ohio App. 2d 168, 10 O.O. 3d 186, 381 N.E. 2d 1344, which, although not controlling, deals with the issue of the effect of the clerk of the general division's erroneously filing and docketing a will contest complaint that should have been filed and docketed in the probate division of the common pleas court. *Siebenthal,* however, was determined in part upon the venue provision of Civ. R. 73(B), which is not applicable herein. However, it is also noted that the erroneous docketing by the clerk of the general division can be viewed as a clerical error subject to correction pursuant to Civ. R. 60(A).

This is not a case where a notice of appeal was filed in the wrong court but, instead, a case where a properly labelled notice of appeal was docketed by the clerk of the wrong division of the common pleas court. Presumably, where a document is docketed by the clerk of the general division, such document has not been presented to the clerk of the probate division for filing. In *Piper* v. *Burden* (1984), 16 Ohio App. 3d 361, 16 OBR 415, 476 N.E. 2d 386, it was held that a notice of appeal was not timely filed, even though it was given to and accepted by a judge of the trial court on the last day of the time for appeal and given by the judge to the clerk of the trial court on the following day. See, also, *King* v. *Paylor* (1942), 69 Ohio App. 193, 23 O.O. 594, 43 N.E. 2d 313. Both App. R. 3(A) and 4(A) expressly require that the notice of appeal be filed with the clerk of the trial court. Where, as here, different divisions of the same court have different clerks (as opposed to different deputy clerks), leaving a notice of appeal with the clerk of one division does not constitute a filing with the clerk of the other, just as the leaving of a notice of appeal with the judge of the trial court did not constitute filing thereof with the clerk in *Piper, supra.*

However, the clerk of the probate division, as indicated above, has certified that the notice of appeal was filed on October 7, 1985. See "Transcript of Docket" filed in the trial court on November 4, 1985, and certified as being a true and correct copy as appearing on the records of the court. In light of that certification, we must assume the notice of appeal was timely filed.

As to reconsideration of our prior order, appellees have demonstrated no reason for this court to reach a different conclusion consistent with the policy that, ordinarily, appeals should be determined on their merits, rather than by procedural deficiencies. With leave of this court, appellant's brief has been filed, and the record supplemented by inclusion of a transcript of proceedings.

Accordingly, appellees' motion for reconsideration and to dismiss this appeal is overruled.

*Motion overruled.*

STRAUSBAUGH and McCORMAC, JJ., concur.