OPINION
This is the consolidated appeal of cases 1999CV01516, an administrative appeal action, and 1999CV01656, a multi-count tort action, from the Stark County Court of Common Pleas. In the first instance, Lauri Weinfeld ("Weinfeld")[1] appeals the trial court's April 17, 2000 decision to vacate the decision of the Perry Township Board of Zoning Appeals following an administrative appeal held pursuant to R.C. 2506.04. In the second instance, Robert and Katherine Welling ("Wellings") appeal the trial court's September 12, 2000 decision overruling the Wellings' motion to vacate two prior judgment entries granting preliminary injunctions. The history of events leading to this consolidated appeal is as follows.
In June 1998, Weinfeld purchased two adjacent parcels of property in Perry Township, Stark County, Ohio. One parcel consists of appellee's residential property; the other parcel is known as "Lakeside Center" (hereinafter "center") and contains an enclosed building, a gazebo and gardens on a lake known as "Lake Dee Mar." Said center is used for recreational purposes including weddings, receptions, social gatherings and meetings. Weinfeld operated the center pursuant to a conditional use permit granted to her by the Perry Township Board of Zoning Appeals ("BZA") on June 7, 1999.
Robert and Katherine Welling own two parcels of property adjacent to Weinfeld. On July 22, 1999, Weinfeld filed a complaint against the Wellings, claiming nuisance, trespass, civil conspiracy, defamation and intentional interference with contract. Weinfeld in pertinent part alleged that the Wellings intentionally and deliberately operated noisy pieces of lawn equipment in an attempt to disrupt the events being conducted at the center. Weinfeld sought money damages and injunctive relief, and additionally filed a motion for a temporary restraining order restraining the Wellings from further disruption.
On July 29, 1999, the parties stipulated to a temporary restraining order. The Wellings were to refrain from using noisy pieces of lawn equipment after 2:30 p.m. on Fridays and Saturdays. A hearing on a preliminary injunction was held on August 5, 1999. By judgment entry filed August 20, 1999, the trial court preliminarily enjoined the Wellings from operating noisy lawn equipment on Friday, Saturday and Sunday afternoons during the months of August, September and October when said days and times coincided with events being conducted at the center.
The Wellings filed an appeal therefrom; however, we affirmed the judgment of the trial court. See Weinfield v. Welling, (March 6, 2000), Stark App. No. 99-267, unreported. On January 24, 2000, while said appeal was pending, the Wellings filed a motion in the trial court, under case number 1999CV01516, to "vacate the administrative decision under appeal," i.e., the June 7, 1999, BZA decision granting a conditional use permit, on the grounds of defective notice. On April 17, 2000, the trial court granted the motion to vacate and remanded the matter to BZA. On April 19, 2000, Weinfeld obtained a stay and filed an appeal therefrom to this Court. Nevertheless, on June 19, 2000, the Wellings filed a motion to lift said stay with the trial court.
In addition to the above proceedings, the Wellings filed a motion in case 199CV01656 (the tort action) on May 12, 2000, to vacate the trial court's preliminary injunction of August 20, 1999. They premised their motion on the fact that the trial court, on April 17, 2000, had vacated the BZA's decision granting a conditional use permit; thus, they argued, Weinfeld's commercial activities were rendered unlawful.
However, as a result of a pending contempt motion, the trial court issued a second preliminary injunction on July 27, 2000. The court enjoined the Wellings from operating noisy lawn equipment on Friday, Saturday and Sunday afternoons when said days and times coincided with events being conducted at the center, through the date of October 31, 2000. Immediately, the Wellings responded with a motion to vacate this injunction, again premised on the theory that the conditional use permit had been vacated by the trial court, or in the alternative had expired on its face on June 7, 2000.
The Wellings also appealed to this Court from the second preliminary injunction on July 27, 2000. On September 1, 2000, we remanded the issue of the Wellings' motion to lift the stay in case 1999CV01516. We also ordered a remand of case 1999CV01656. As a result thereof, the trial judge adjudicated both of the pending motions to vacate filed by the Wellings in case 1999CV01656. On September 12, 2000, the trial court denied both motions to vacate. The Wellings timely appealed, and herein raise the following two Assignments of Error:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN CONTINUING AND/OR IN GRANTING THE INJUNCTIVE RELIEF AT ISSUE.
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN OVERRULING APPELLANTS'/DEFENDANTS' TWO MOTIONS TO VACATE.
Weinfeld raises the following sole Assignment of Error in her appeal:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN VACATING THE DECISION OF THE PERRY TOWNSHIP BOARD OF ZONING APPEALS.
We will address each Assignment of Error in the above order.
 I.
In their First Assignment of Error, the Wellings argue that the trial court erred in granting injunctive relief in favor of Weinfeld against the Wellings' use of lawn equipment at certain times. The Wellings challenge both judgments granting injunctive relief, i.e., the first such order of August 20, 1999, and the order of July 27, 2000, which "extended" the preliminary injunction's duration to October 31, 2000.
Initially, we must address the issue of whether this appeal has become moot due to the passage of the aforesaid October 31, 2000 cutoff date. An appellate court is not required to render an advisory opinion on a moot question or abstract proposition or to rule on a question of law that cannot affect matters at issue in a case. State v. Bistricky (1990),66 Ohio App.3d 395, 397; see, also, Travis v. Pub. Util. Comm. of Ohio
(1931), 123 Ohio St. 355, paragraph two of the syllabus. This court has made clear its reluctance to engage in the issuance of advisory opinions. See, e.g., State v. Brown, (Jan. 24, 2000), Stark App. No. 1999CA00188, unreported.
Where an injunction has already expired, arguments regarding whether said injunction was appropriate under Ohio law are moot. See BetaLaserMike, Inc. v. Swinchatt, (March 10, 2000), Montgomery App. No. 18059, unreported, citing In re Lewis Children (Aug. 5, 1996), Stark App. No. 1995 CA 00339, unreported. ("Therefore, even if the trial court did not have jurisdiction to enter the order as argued by appellant, the fact that said order has expired by its own terms renders appellant's appeal moot." Lewis at 1.)We are cognizant of exceptions to the mootness doctrine in some situations, for example, where the issue or controversy stemming from a contested election is "`capable of repetition yet evading review.'" Storer v. Brown (1974), 415 U.S. 724, 737, fn. 8, quotingRosario v. Rockefeller (1973), 410 U.S. 752, 756, fn. 5; see, also, In reProtest Filed by Citizens for Merit Selection of Judges, Inc., (1990),49 Ohio St.3d 102, 103.
However, the Tenth District Court of Appeals cogently addressed the issue before us in the case of Angerman v. State Medical Bd. of Ohio, (Feb. 27, 1990), Franklin App. Nos. 89AP-896, 89AP-897, unreported:
 Conceding in their brief that this appeal "* * * could be considered technically moot * * *" since the temporary restraining order and preliminary injunction have expired because the separate administrative proceedings have gone to a final order of revocation, the appellants nonetheless urge this court to ignore the doctrine of mootness and to entertain the merits of their argument on the basis of the issues raised being of great concern and public or general interest and/or "capable of repetition, yet evading review," citing Franchise Developers, Inc. v. Cincinnati (1987), 30 Ohio St.3d 28, and State, ex rel. The Repository, v. Unger (1986), 28 Ohio St.3d 418. See, also, State, ex rel. Plain Dealer Publishing Co., v. Barnes (1988), 38 Ohio St.3d 165.
 As tempting as appellants' invitation may be to some members of this panel, we must respectfully decline to accept it.
 As an intermediate appellate tribunal, it is a primary function of this court to locate, identify, and, if necessary, correct error committed at the trial court or administrative level. See Article IV, Section 3, Ohio Constitution. Unlike the Ohio Supreme Court, we are not a policy-making body and, therefore, while the doctrine of mootness may be defeated at the Supreme Court level, we here are bound by it. 4 Ohio Jurisprudence 3d (1978) 268, Appellate Review, Section 119, and 4 Ohio Jurisprudence 3d (1978) 861, Appellate Review, Sections 478-479. ***.
Id. at 2.
Finally, we do not believe that answering the academic question of the validity of the now-expired preliminary injunctions against lawn equipment usage would significantly impact the unresolved issues still before the trial court, either as to Weinfeld's prayer for monetary damages, or as to the Wellings' administrative appeal of the BZA decision. Cf. Pelster v. Millsaps (Oct. 27, 1999), Summit App. No. 19375, unreported.
Therefore, we decline to address the Wellings' First Assignment of Error on grounds of mootness.
 II.
The Wellings' Second Assignment of Error similarly challenges the trial court's refusal to vacate, pursuant to Civ.R. 60(B), the aforesaid two preliminary injunctions.
An appellate court reviews a decision on a Civ.R. 60(B) motion under the abuse of discretion standard. Strack v. Pelton (1994),70 Ohio St.3d 172, 174. However, a review of the record in the case subjudice indicates there has been no separate, timely notice of appeal of the trial court's September 12, 2000 judgment entry denying the Wellings' motion to vacate the preliminary injunctions. A failure to file a timely notice of appeal in a civil case is fatal. Piper v. Burden (1984),16 Ohio App.3d 361.
Therefore, we decline to address the Wellings' Second Assignment of Error for want of jurisdiction.
 Weinfeld Appeal I.
In her sole Assignment of Error as an appellant, Weinfeld challenges the trial court's vacation of the BZA decision to grant a conditional use permit.
In reviewing the decision of an administrative appeal, the court of common pleas performs a hybrid review. The hearing before the court resembles a de novo proceeding in that the court may hear new or additional evidence pursuant to R.C. 2506.03. Under R.C. 2506.04, the common pleas court is required to examine the record to determine whether an administrative decision is supported by a preponderance of the reliable, probative and substantial evidence. Dudukovich v. HousingAuthority (1979), 58 Ohio St.2d 202, 207. In performing this review, the common pleas court must give "due deference to the administrative agency's resolution of evidentiary conflicts and may not blatantly substitute its judgment for that of the administrative body." Id.
However, the trial court, as noted, never reached the actual merits of the administrative appeal; rather, the court heard arguments on March 10, 2000, on the Wellings' motion to vacate the administrative decision. The Wellings conceded throughout that they were sent a notice of the BZA hearing and indeed appeared and participated therein. The dispute centers instead on the purportedly misleading language in the notice as to the purposes of the BZA hearing. The trial judge noted the following in reaching his decision to remand the matter back to BZA:
 The Court finds that the BZA materially misstated the subject matter of the June 7, 1999 hearing in the hearing notice that it issued, and given this misstatement, the BZA failed to comply with the hearing notice requirements of O.R.C. 519.15 and Perry Township Zoning Resolution Article XII, Section 1201.11. Failing to correctly state the subject matter of the hearing in the hearing notice is the same as not providing notice at all given that the law on each issue varies. If the public, and especially the Board, is confused as to what is at issue in the hearing, it cannot be correctly and properly addressed. Given that the Board did not comply with the hearing notice requirements of O.R.C. 519.15
and its own Zoning Resolution Article XII, Section 1201.11, it lacked jurisdiction to adjudicate the matter.
Judgment Entry, April 17, 2000, at 2.
Weinfeld urges application of the standard set forth in Freedom Twp.Bd. of Zoning Appeals v. Portage Co. Bd. of Mental Retardation (1984),16 Ohio App.3d 387, 389, which held that an error in proceedings before a board of zoning appeals is not reversible unless it affects the substantial rights of the complaining party. In Stebelton v. Boblenz, (Dec. 6, 1993), Fairfield App. No. 16-CA-93, unreported, we rendered the following guidance:
 Despite the mandatory language of the resolution, requiring that certain information be provided in a notice of appeal, the resolution does not make inclusion of such information jurisdictional as to BZA. It is apparent from the transcript of the hearing before BZA that appellants were not prejudiced by the defective notice of appeal, as all parties clearly understood the piece of property under consideration, and were aware that the zoning was R-R. Further, [Appellant] stated at the hearing that the failure to include the information in the notice of appeal was irrelevant.
 Id. at 2.
Thus, we are inclined to analyze this notice issue under a "prejudicial error" standard of review; i.e., to consider whether the record demonstrates prejudice to the Wellings due to the errors on the face of the notice of hearing. The Wellings first direct us to the misstatement on the BZA notice that the subject of the June 7, 1999 hearing was to be the request for a transfer of a nonconforming use to another nonconforming use. Correspondingly, the wrong section of the Perry Township zoning regulations is listed. Secondly, they point out that the property is misadvertised in the notice as 5208 Leona S.W., rather than 5225 Leona S.W., that no mention of the acreage is made, and that the property is incorrectly referenced as within the Village of Navarre. After review of the transcript of BZA hearing, we are not persuaded that these factors caused confusion and prejudice such that warranted vacation of the administrative decision. The neighbors and interested parties testifying at the hearing clearly were familiar with the Weinfeld property and its characteristics, and Kathy Welling herself made the following statement during the proceedings:
 No I mean, like you said, how do you stop this once you created the monster? Okay. Bill Dinger moved out four years ago. Nobody has been in for a conditional permit. Lauri is coming before the Board this evening, tonight, for a conditional permit. ***.
BZA Transcript at 36.
Moreover, although the BZA panel noted the discrepancy between the "nonconforming use" language in the notice of hearing and the "conditional use" issue underlying the actual proceeding, our review of the record reveals no objection on these grounds at the administrative level. Failure to raise procedural errors during administrative proceedings results in waiver of the right to claim those errors in an appeal to the common pleas court under R.C. Chapter 2506 and subsequently to an appellate court. Zurow v. City of Cleveland (1978),61 Ohio App.2d 14, 24, citing Stores Realty Co. v. Cleveland (1978),41 Ohio St.2d 41. See, also, Kachovec v. City of Akron (May 20, 1981), Summit App. No. 9948, at 5.
Therefore, we find the trial court erred in vacating the decision of the BZA on procedural grounds. Weinfeld's sole Assignment of Error is sustained.
For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed in part and reversed in part. We hereby affirm the court's granting of injunctive relief and the denial of the Wellings' motions to vacate the preliminary injunctions. We reverse the court's decision to vacate the administrative ruling of the BZA.
[1] For the purpose of clarity, we will avoid designation of the parties by "appellant" or "appellee," as roles are switched depending on which case is viewed.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
Wise, J. Edwards, P.J., concurs separately.
Hoffman, J., concurs in part and dissents in part.