OPINION
Defendant-appellant Alfred Allman appeals from the April 6, 2001, Judgment Entry of the Licking County Court of Common Pleas, Domestic Relations Division.
 STATEMENT OF THE FACTS AND CASE
On March 24, 2000, appellee G. Carol Allman filed a Complaint for Divorce against appellant Alfred Allman in the Licking County Court of Common Pleas, Domestic Relations Division. Thereafter, appellant filed an Answer on April 12, 2000, and a Counterclaim on April 19, 2000. A trial before a Magistrate was held on February 26, 2001. The Magistrate, as memorialized in a Judgment Entry filed on March 1, 2001, recommended, in part, that appellant be ordered to pay appellee spousal support in the amount of $650.00 per month. The Magistrate further recommended that if appellant returned to truck driving or took any other steps to terminate or otherwise reduce the amount of pension and social security income he received each month, then appellant should be ordered to pay $1,600.00 in spousal support. After neither party filed objections to the Magistrate's Decision, the trial court, pursuant to an Opinion filed on March 16, 2001, adopted the same and ordered appellee's counsel to prepare the final judgment entry. Subsequently, a final "Judgment Entry Decree of Divorce" was filed on April 6, 2001. The trial court's docket indicates that certified copies of the same were given to counsel on the same date. It is from the trial court's April 6, 2001, Judgment Entry that appellant prosecutes his appeal raising the following assignment of error:
 THE COURT ERRED WHEN IT ORDERED THE APPELLANT TO PAY SPOUSAL SUPPORT, AS THIS ORDER IS AN ABUSE OF DISCRETION AND/OR AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
For the reasons which follow, we find it unnecessary to reach the merits of appellant's sole assignment of error. The record reflects that the trial court entered a final order in the instant case on April 6, 2001, and that certified copies of the same were given to counsel on the same date. However, appellant's Notice of Appeal was not filed until May 8, 2001. Appellant's Notice of Appeal, therefore, was untimely filed pursuant to App.R. 4(A) because it was not filed within thirty days of the trial court's April 6, 2001, Judgment Entry. A failure to file a timely notice of appeal in a civil case is fatal. See Piper v. Burden (1984),16 Ohio App.3d 361. Accordingly, appellant's appeal is dismissed for lack of jurisdiction.
By Edwards, P.J. Hoffman, J. and Farmer, J. concur