SIEBENTHAL, APPELLANT, *v.* SUMMERS ET AL., APPELLEES.

(No. 77AP-691—Decided March 23, 1978.)

*Messrs. Benson & Oldfield,* and *Mr. Patterson W. Higgins,* for appellant.
*Mr. Richard J. Giovanetti,* for appellees.

WHITESIDE, J.  Plaintiff appeals from a judgment of the Franklin County Court of Common Pleas dismissing this will contest action.  In support of his appeal, plaintiff raises a single assignment of error, as follows:

"The trial court erred in overruling Appellant's motion to transfer the will contest action from the general division to the probate division of the Common Pleas Court pursuant to Rule 73(B) of the Ohio Civil Rules."

The complaint in this case is plainly labeled "Complaint to Contest Will," but is headed "In the Common Pleas Court of Franklin County, Ohio," without specifying in which division of that court the complaint was intended to be filed.  The complaint is file-stamped April 5, 1977, and states that the contested will was admitted to probate "by the Probate Division of this Court," on November 19, 1976.

The record further indicates that plaintiff's counsel

mailed the complaint on April 1, 1977, in an envelope addressed to "Clerk of Courts, Common Pleas Court, Franklin County Courthouse, Columbus, Ohio 43216." To the left of that address, there is handwritten the word "Probate," which has been crossed out. In addition to the complaint, the envelope contained a letter from plaintiff's counsel dated March 21, 1977, similarly addressed, stating:

"Enclosed find a Complaint to Contest Will * * *. Please docket the case, have the enclosed copy stamped for my records as being filed and returned to me in the self-addressed, enclosed, stamped envelope provided for your convenience * * *. This is contesting the will of Alberta Gould, which is being probated in the Franklin County Probate Court under Case No. 310046."

The clerk docketed the case on the docket of the General Division of the Franklin County Court of Common Pleas, rather than the Probate Division. Defendant filed a motion to dismiss for lack of subject matter jurisdiction. Plaintiff filed a motion for an order tranferring the action to the Probate Division. The trial court, the General Division of the Franklin County Court of Common Pleas, overruled the motion for a transfer and sustained defendant's motion to dismiss.

Although the Probate Court was formerly a separate and distinct court from the Common Pleas Court of a County, former Section 7, Article IV, Ohio Constitution, providing for such separate existence of a Probate Court, was repealed in 1968. At the same time, Section 4, Article IV, Ohio Constitution was amended to provide that there should be a single Court of Common Pleas in each county, and that the Probate Court should be a division of the Common Pleas Court. In 1973, the section was amended to recognize the potential existence of other divisions of the Court of Common Pleas. Pursuant to Section 4(C), Article IV, Ohio Constitution, as it now reads, the judge of the Probate Division of the Court of Common Pleas is "empowered to employ and control the clerks, employees, deputies, and referees of such probate division of the common pleas courts."

Former R. C. 2741.01 provided that the contest of the

validity of a will should be "by a civil action in the court of common pleas of the county in which such probate was had." This section was not amended subsequent to the modern courts amendment eliminating the separate existence of the Probate Courts, so as to indicate in which division of the Court of Common Pleas such action should be filed. However, it was generally assumed and generally the practice that such actions were brought in the General Division of the Court of Common Pleas, rather than the Probate Division. Effective January 1, 1976, former R. C. 2741.01 was repealed, and enacted in place thereof was the present R. C. 2107.71, which provides that:

"A person interested in a will or codicil admitted to probate in the probate court may contest its validity by a civil action in the probate court in the county in which such will or codicil was admited to probate."

R. C. 2101.01 defines "probate court," as meaning: "The probate division of the court of common pleas." That section further provides that pleadings "in the probate division shall be entitled 'In the Court of Common Pleas, Probate Division * * *.' " Also effective January 1, 1976, R. C. 2101.24(P) was amended to confer jurisdiction upon the Probate Division of the Court of Common Pleas "[t]o hear and determine actions to contest the validity of wills." R. C. 2101.24 provides that "such jurisdiction shall be exclusive in the Probate Court unless otherwise provided by law."

The complaint herein, as indicated above, did not indicate the division in which the complaint clearly labeled as one to contest a will was to be filed. The clerk docketed the case in the General Division, although there is some indication of recognition of the Probate Division by the hand-written notation on the envelope referred to above, although there is no evidence before us as to who wrote the word on the envelope or who crossed it out. In light of the above statutory provisions, the case should have been docketed in the Probate Division, rather than the General Division. Were the clerk of the Court of Common Pleas to erroneously docket an action for divorce on the docket of the General Division, rather than that of the Domestic Relations

Division, this would obviously be a clerical error on the part of the clerk in docketing the case on the docket of the wrong division of the court. Such an error would appear to be one that could be corrected pursuant to Civ. R. 60(A), which permits correction of clerical mistakes in any part of the record.

With respect to the Probate Division, however, the mistake is more complicated. Pursuant to R. C. 2101.11, the Probate judge "is authorized to perform the duties of clerk of his own court." Accordingly, a different clerk performs the duties of the clerk for the Probate Division than performs similar duties with respect to all other divisions of the Court of Common Pleas. Nevertheless, it would appear that a clerical error occurred on the part of the clerk who should have immediately forwarded the complaint to the proper division of the Court of Common Pleas, rather than docketing the case on the docket of the General Division, especially in light of the fact that the complaint in no way indicated in which division it was to be docketed but equally clearly indicated that the complaint was one to contest a will. Accordingly, the mistake herein can be viewed as a clerical error subject to correction pursuant to Civ. R. 60(A). R. C. 2107.72 specifically makes the Civil Rules applicable to will contest actions except as otherwise provided in R. C. 2107.71 to 2107.75.

Plaintiff does not rely upon Civ. R. 60(A) but, rather, relies upon Civ. R. 73(B), which provides that:

"Rule 3(B) shall not apply to proceedings in the probate division of the court of common pleas. Such proceedings shall be venued as provided by law except that proceedings which may, under Chapters 2101 through 2131, Revised Code, be venued in the general division or the probate division of the court of common pleas, shall be venued in the probate division of the appropriate court of common pleas.

"Proceedings which are improperly venued shall be transferred to a proper venue provided by law and this subdivision, and the court may assess costs including reasonable attorney fees, to the time of transfer against the party who commenced the action in an improper venue."

Although venue ordinarily refers only to the geographical area in which a court may exercise jurisdiction, the word is used in a different sense in Civ. R. 73(B), which refers to proceedings being "venued in the general division or the probate division of the court of common pleas." In other words, Civ. R. 73(B) uses the word "venue" in referring to which division of the Court of Common Pleas an action should be brought. The rule then provides that: "Proceedings which are improperly venued shall be transfered to a proper venue provided by law in this subdivision." Plaintiff contends that, in light of the use of the word "venue," in Civ. R. 73(B), authority is granted to transfer a case from the General Division to the Probate Division of the Court of Common Pleas where the case is "improperly venued" in the wrong division.

In contending that Civ. R. 73(B) does not apply, defendant states that R. C. 2107.71 precludes the filing of a will contest action in any court other than the Probate Court. However, the *court* in which a will contest action is to be filed is the Common Pleas Court, but the *division* of that court in which it is to be filed is the Probate Division. Here, the action was filed and docketed in the right court, but the wrong division thereof, giving rise to different issues than would be involved if the action had been filed in the wrong court. Defendant further relies upon Civ. R. 1(C). However, Civ. R. 73(A) provides, as follows:

"These Rules of Civil Procedure shall apply to proceedings in the probate division of the court of common pleas as indicated in this rule. Additionally, all of the Rules of Civil Procedure though not specifically mentioned in this rule shall apply except to the extent that by their nature they would be clearly inapplicable."

Defendant further relies upon prior case law under R. C. 2741.01, *et seq.*, specifically referring to *Holland* v. *Carlson* (1974), 40 Ohio App. 2d 325. That case, however, involved the question of whether or not a party could be added after the expiration of the period prescribed by former R. C. 2741.09, which section was repealed and has not been specifically reenacted in R. C. 2107.71 to 2107.77, although

R. C. 2107.76 contains similar but slightly different provisions, being a reenactment with amendment of former R. C. 2107.23, rather than former R. C. 2741.09, although both contained similar time limitations and provisions. Furthermore, the judisdictional issue involved in *Holland* is not involved herein since there is no contention made that there is a necessary party who was not named and made a party to this action within the four-month period prescribed by R. C. 2107.76.

There are many statutory provisions for the transfer of an action from one court to another. Here, however, the question involved is whether an action can be transferred from the docket of one division of the Court of Common Pleas, in which it has for whatever reason been improperly docketed, to another division of the same court. There appears to be a dearth of authority upon the subject, only Civ. R. 73(B), *supra*, in any way referring to the issue. As indicated above, that rule specifically provides that "proceedings which are improperly venued shall be transferred to a proper venue provided by law and this subdivision." Although, ordinarily, being filed and docketed in the wrong division of the right court would not be considered a venue problem, in light of the use of the word in Civ. R. 73(B), in context the word "venue" has been so used. As indicated above, the question of whether an action be filed in the General Division or the Probate Division of the Court of Common Pleas is specifically called a venue question in Civ. R. 73(B). The staff notes to Civ. R. 73(B) also allude to a venue question, stating:

"The second sentence of Rule 73(B) eliminates the concept of concurrent jurisdiction in proceedings 'under Chapters 2101 through 2131, Revised Code, (which may) be venued in the general division or the probate division of the court of common pleas.'

"The concept of concurrent jurisdiction which is eliminated by Rule 73(B) is really a venue concept. While stated in terms of 'jurisdiction' the 'concurrent jurisdiction' affected concerns choice of venue. * * *"

Accordingly, we conclude that Civ. R. 73(B) authorized

the General Division of the Court of Common Pleas under the circumstances of this case to transfer the action from its docket to the docket of the Probate Division of the same court. Under the circumstances hereof, the trial court erred and abused its discretion in overruling the motion for transfer. However, Civ. R. 73(B) provides that: "The court may assess costs, including reasonable attorney fees, to the time of transfer against the party who commenced the action in an improper venue." This case must be remanded to the General Division of the Court of Common Pleas for the exercise of that discretion, as well as for the transfer of the case to the Probate Division.

For the foregoing reasons, the assignment of error is sustained, and the judgment of the Court of Common Pleas of Franklin County, General Division, is reversed, and this cause is remanded to that division of that court for further proceedings in accordance with Civ. R. 73(B) consistent with this decision.

*Judgment reversed and cause remanded.*

Reilly and McCormac, JJ., concur.