OPINION
{¶ 1} Appellant, Bank One Corporation, appeals a decision of the Clermont County Court of Common Pleas, Probate Division, dismissing its complaint against Paul Yelton as a third-party defendant.
 {¶ 2} On June 23, 1999, Jerry Gilpin, executor for the estate of George Gilpin, and Yelton, attorney for the estate, opened an account for the estate at Bank One. Although Clermont County probate forms specifically stated that the account must require both signatures for withdrawals, Gilpin and Yelton opened an account which required only one of their signatures for withdrawals.
 {¶ 3} Gilpin later changed the address where the monthly account statements were sent from Yelton's office to an address in Florida. In September 2000, Gilpin transferred $100,000 out of the estate account to a bank account in Florida. When Yelton contacted Bank One as to why he had not been receiving statements, he discovered the address change and transfer of money from the account.
 {¶ 4} The estate filed a complaint against Bank One in the general division of the Clermont County Court of Common Pleas. The complaint alleged that Bank One was negligent in authorizing the transfer from the account. On May 7, 2002, the general division transferred the case to the probate division.
 {¶ 5} Bank One filed a third-party complaint against Yelton on June 17, 2002. The third-party complaint requested contribution or indemnification from Yelton. Specifically, the complaint alleged that Yelton "breached his fiduciary duty to the Estate of George F. Gilpin in opening an account that did not require both * * * signatures for withdraw * * *." The complaint also alleged that Yelton "was negligent in not monitoring the state of the account and account statements, and such negligence was the proximate cause of any and all losses * * *."
 {¶ 6} Yelton filed a motion to dismiss the third-party complaint on the basis that the complaint alleged legal malpractice against him and the one-year statute of limitations for such an action had already expired. The trial court found that Bank One's complaint alleged legal malpractice and that such claims were barred by the one-year statute of limitations.
 {¶ 7} Bank One now appeals the trial court's decision to dismiss the complaint as barred by the statute of limitations. In a single assignment of error, Bank One argues that the trial court erred in dismissing the third-party complaint because it alleges a claim for contribution and indemnity arising from Yelton's acts as joint account owner, not legal malpractice based on acts as estate attorney.
 {¶ 8} Yelton's motion to dismiss was filed pursuant to Civ.R. 12(B)(2) and (6). In its decision, the trial court examined the complaint and determined that the allegations constituted legal malpractice claims. The trial court then found that legal malpractice claims were barred by the one-year statute of limitations.
 {¶ 9} Likewise, we begin by examining the complaint in order to determine what types of allegations Bank One asserted against Yelton. As mentioned above, the complaint alleges that Yelton breached a fiduciary duty to the estate in opening an account that did not require both signatures for withdrawals. The complaint also alleges that Yelton was negligent in not monitoring the state of the account and the account statements. The complaint does not specify whether Yelton was acting in his capacity as attorney or as fiduciary for the estate. While these claims could constitute legal malpractice, they also involve Yelton's fiduciary duties to the estate, unrelated to the fact that he is an attorney. Thus, contrary to the trial court's determination, we find that the complaint alleges both legal malpractice claims and fiduciary claims by the estate.
 {¶ 10} However, our analysis does not end at this point. The probate division of the court of common pleas is a court of limited jurisdiction. As such, its jurisdiction is limited to only those matters granted by statute and by the Ohio Constitution. Zuendel v. Zuendel (1992), 63 Ohio St.3d 733.
 {¶ 11} The jurisdiction of the probate division is set forth in R.C. 2101.24(A)(1), which identifies various types of cases over which it has subject-matter jurisdiction. This provision grants the probate court exclusive jurisdiction "[t]o appoint and remove guardians, conservators and their testamentary trustees, direct and control their conduct, and settle their accounts." R.C. 2101.24(A)(1)(d). The power to "direct and control the conduct of fiduciaries," coupled with the probate court's plenary power at law and equity to fully dispose of any matter properly before it, gives jurisdiction to the probate court over actions involving a breach of fiduciary duties. See Rinehart v. BankOne, Columbus (Aug. 21, 1998), 125 Ohio App.3d 719, 727-728;Ohio Farmers Ins. Co. v. Bank One, Dayton (1998), Montgomery App. No. 16981; Goff v. Ameritrust Co. (May 5, 1994), Cuyahoga App. Nos. 65196, 66016.
 {¶ 12} Actions alleging legal malpractice, however, are within the jurisdiction of the general division of the common pleas court, not within the jurisdiction of the probate court.Carpenter v. Levering (Apr. 17, 1987), Knox App. No. 86-CA-19; see, also, Cropper v. Teffner (Dec. 8, 1988), Richland App. No. CA-2409; Bachman v. Swearingen (Feb. 8, 1983), Delaware App. No. 82-CA-24.
 {¶ 13} Thus, to the extent that the complaint at issue in this case alleges breach of fiduciary duties to the estate, it is properly before the probate court. However, to the extent that the complaint alleges legal malpractice, the probate court was without jurisdiction to make any determination regarding the statute of limitations issue. A judgment rendered by a court that lacks jurisdiction is void ab inito. Patton v. Diemer (1988), 35 Ohio St.3d, paragraph three of the syllabus.
 {¶ 14} Therefore, we remand the fiduciary questions to the probate court for a full determination of those issues. The legal malpractice claim, including any issues involving the statute of limitations, is remanded to the general division of the common pleas court for determination on the merits.
 {¶ 15} Judgment reversed and cause remanded to the trial court for further proceedings according to law and consistent with this opinion.
YOUNG, P.J., and VALEN, J., concur.