OPINION
{¶ 1} Plaintiff-appellant, Milous H. Keith, Jr., appeals from a judgment of the Franklin County Court of Common Pleas granting motions to dismiss filed by defendants-appellees, Daniel E. Bringardner, James M. Hughes, Jack G. Gibbs, Jr., and the law firm Wiles, Boyle, Burkholder Bringardner Co., LPA (collectively referred to as *Page 2 
"appellees"). For the following reasons, we affirm in part and reverse in part that judgment and remand the matter with instructions.
 {¶ 2} On April 4, 2007, appellant filed a complaint against the appellees in the general division of the Franklin County Court of Common Pleas ("trial court"). In the complaint, appellant alleged that Mr. Bringardner filed an emergency guardianship application in the Franklin County Court of Common Pleas, Probate Division ("probate court"). The probate court granted the application and appointed Bringardner as appellant's emergency guardian. Bringardner had appellant removed from his home and placed in an Alzheimer's ward at a local long-term-care facility. This emergency guardianship continued until Mr. Hughes was appointed appellant's guardian on April 8, 2004.[1] Hughes resigned as guardian on November 9, 2005 and was replaced by Mr. Gibbs. The guardianship continued until the probate court ruled that appellant was not incompetent and that the guardianship was not appropriate.
 {¶ 3} Appellant alleged in his complaint that he was not incompetent and that the guardianship and his stay in the Alzheimer's ward were against his wishes. He also alleged that his estate was diminished in value by more than $550,000 due to actions that appellees took while they were guardians. Appellant specifically alleged that appellees defrauded him and violated their duties to him. Other causes of action in appellant's complaint included: intentional infliction of emotional distress, abuse of process, negligence, conversion, and civil conspiracy. Appellant's complaint sought compensatory damages in excess of $25,000 as well as punitive damages. *Page 3 
 {¶ 4} The appellees filed motions to dismiss appellant's complaint. The motions alleged that the trial court lacked subject matter jurisdiction to hear appellant's complaint because the probate court had exclusive jurisdiction over the claims appellant asserted. Appellant filed a memorandum in opposition to appellees' motions, arguing in part that if the trial court lacked subject matter jurisdiction, the trial court should transfer the case to the probate court. The trial court granted appellees' motions and dismissed the complaint based upon its determination that the probate court had exclusive jurisdiction over appellant's claims. The trial court, however, declined to transfer the case to the probate court.
 {¶ 5} Appellant appeals and assigns the following errors:
 [1.] The trial court erred when it dismissed the Appellant's complaint on the basis that the jurisdiction to preside over the action rested with the Probate Division of the Common Pleas Court rather than the General Division of the Common Pleas Court.
 [2.] The trial court erred when, presuming that it was correct in its decision that jurisdiction to hear the case rested with the Probate Court, it dismissed the Appellant's complaint rather than transferring the case to the Probate Court.
 {¶ 6} By his first assignment of error, appellant contends the trial court erred when it dismissed his complaint for lack of jurisdiction. Essentially, appellant argues that the general division of the court of common pleas, not the probate division of the court of common pleas, has jurisdiction over his claims. We disagree.
 {¶ 7} We review a trial court's decision on a Civ.R. 12(B)(1) motion to dismiss for lack of subject matter jurisdiction under a de novo standard of review. Brethauer v. Fed. Express Corp. (2001),143 Ohio App.3d 411, 413, citing Crestmont Cleveland *Page 4 Partnership v. Ohio Dept. of Health (2000), 139 Ohio App.3d 928, 936. Under Civ.R. 12(B)(1), the question is whether the plaintiff alleges any cause of action the court has authority to decide. Howard v. SupremeCourt of Ohio, Franklin App. No. 04AP-1093, 2005-Ohio-2130, at ¶ 7, citing Troutman v. Ohio Dept. of Rehab. Corr, Franklin App. No. 03AP-1240, 2005-Ohio-334.
 {¶ 8} The probate division of a common pleas court is a court of limited jurisdiction. Its jurisdiction is limited to those matters granted by statute and by the Ohio Constitution. Gilpin v. Bank OneCorp., Clermont App. No. CA2003-09-073, 2004-Ohio-3012, at ¶ 10. Pursuant to R.C. 2101.24(A)(1)(e), a probate court has exclusive jurisdiction to "appoint and remove guardians, conservators, and testamentary trustees, direct and control their conduct, and settle their accounts." Indeed, the probate court's jurisdiction extends to all matters touching the guardianship. In re Guardianship of Jadwisiak
(1992), 64 Ohio St.3d 176, 180.
 {¶ 9} It is undisputed that appellant's claims arise out of the alleged conduct of his guardians. However, appellant directs our attention to Schucker v. Metcalf (1986), 22 Ohio St.3d 33, in which the Supreme Court of Ohio held that "the probate division has no jurisdiction over claims for money damages arising from allegations of fraud." Id. at 35. Because he seeks money damages for fraud, appellant contends the trial court erred when it determined that the probate court had jurisdiction over his claims. See, also, Dumas v. Estate ofDumas (1994), 68 Ohio St.3d 405, 408 (relying on Schucker for proposition that probate court has no jurisdiction over claims for money damages). *Page 5 
 {¶ 10} Since Schucker, the Supreme Court of Ohio has embraced a broader view of the probate court's jurisdiction. In State ex rel. Lewisv. Moser (1995), 72 Ohio St.3d 25, 28-29, the court adopted the view that: (1) claims for breach of fiduciary duty, which inexorably implicate control over the conduct of fiduciaries, are within the jurisdiction of the probate court by virtue of R.C. 2101.24(A)(1)(c) and (e); and (2) the probate court's plenary jurisdiction at law and in equity under R.C. 2101.24(C) authorizes any relief required to fully adjudicate the subject matter within the probate court's exclusive jurisdiction. In Lewis, the court rejected a challenge to the probate court's jurisdiction to decide a claim for breach of fiduciary duties even though the relator sought money damages.
 {¶ 11} Since Lewis, other appellate courts have rejected the proposition that probate courts cannot award monetary damages for claims that are within the exclusive jurisdiction of the probate court, such as claims based upon the conduct of a guardian. Rowan v. McLaughlin, Cuyahoga App. No. 85665, 2005-Ohio-3473, at ¶ 9 (affirming common pleas court's dismissal of complaint for lack of jurisdiction because claims for monetary damages pertaining to conduct of guardian were within jurisdiction of probate court); Ohio Farmers Ins. Co. v. Bank One (Aug. 21, 1998), Montgomery App. No. 16981 ("[W]e hold that probate courts in some instances may award monetary damages in the exercise of their plenary power to adjudicate fully any matter properly before the court."); Holik v. Lafferty, Ashtabula App. No. 2005-A-0005,2006-Ohio-2652, at ¶ 18-21 (rejecting claim that probate court lacked jurisdiction over claims because money damages sought). *Page 6 
 {¶ 12} We also hold that probate courts can award monetary damages for claims that are within the court's exclusive jurisdiction. R.C.2101.24(C) grants the probate court the power at law and in equity to "dispose fully of any matter that is properly before the court, unless the power is expressly otherwise limited or denied by a section of the Revised Code." This broad statutory grant of authority to fully resolve matters properly before it includes the power to award monetary damages. See Goff v. Ameritrust Co. (May 5, 1994), Cuyahoga App. No. 65196 (cited favorably in Lewis for holding that R.C. 2101.24(C) authorizes any relief that is required to fully adjudicate a claim within probate court's jurisdiction).
 {¶ 13} All of appellant's claims revolve around appellees' conduct as guardians during his guardianship. Appellant's claims "touch the guardianship" and are within the exclusive jurisdiction of the probate court. R.C. 2101.24(A)(1)(e); see, also, Jadwisiak, at 180;Rowan, at ¶ 4 (various civil claims against guardian including negligence and intentional infliction of emotional distress properly before probate court); Goff (claims for guardian's breach of fiduciary duty properly before probate court); Gilpin, at ¶ 11 (claims against fiduciary). The fact that the guardianship has terminated does not foreclose the probate court's jurisdiction found in R.C.2101.24(A)(1)(e). See Bank One, supra (complaint within exclusive jurisdiction of probate court that alleged claims concerning acts of former guardian); see, also, Ohio Farmers Ins. Co. v. Huntington Natl.Bank (Sept. 28, 2000), Cuyahoga App. No. 76303. The statutory language in R.C. 2101.24(A)(1)(e) that grants the probate court exclusive jurisdiction in this type of case does not distinguish between claims against current guardians and former guardians. Nor does appellant's demand for money *Page 7 
damages divest that court of jurisdiction over the claims.Rowan, at ¶ 11. The trial court properly determined that the probate court had exclusive jurisdiction over these claims, notwithstanding appellant's claim for money damages. Therefore, we overrule appellant's first assignment of error.
 {¶ 14} Appellant contends in his second assignment of error that even if the trial court did not have subject matter jurisdiction over his complaint, it erred by dismissing the complaint instead of transferring the matter to the probate court. We agree.
 {¶ 15} Civ.R. 73, which governs the probate court, provides, in part, that "[proceedings which are improperly venued shall be transferred to a proper venue provided by law and this subdivision * * *." Civ.R 73(B). This court has interpreted that rule to authorize the transfer of a matter from the general division of the common pleas court to the probate division of the common pleas court when the matter was docketed in the wrong division of the common pleas court. Siebenthal v.Summers (1978), 56 Ohio App.2d 168, 173-174.
 {¶ 16} In Siebenthal, we rejected the argument appellees make here that the use of the term "venue" in the rule refers to the proper county in which an action is filed. Instead, we determined that the word "venue" as used in Civ.R. 73(B) refers to the separate divisions of the common pleas court. Id. at 172-174; see, also, Mid-Ohio Chemical LiquidFertilizers, Inc. v. Lowe (Oct. 28, 1981), Fayette App. No. 80-CA-15 (relying on Siebenthal's interpretation of venue in Civ.R. 73(B) in ordering the transfer of a matter filed in the wrong division of the common pleas court).
 {¶ 17} Appellant filed his complaint in the general division of the common pleas court. In response to appellee's motion to dismiss, appellant argued that if the trial *Page 8 
court determined that it lacked subject matter jurisdiction over appellant's claims, the trial court should transfer the case to the probate court. Therefore, appellant raised the issue of transfer with the trial court. Because the probate division of the common pleas court has exclusive jurisdiction over appellant's claims, the trial court should have transferred the case to the probate division.Siebenthal, at 173-174. Accordingly, we sustain appellant's second assignment of error.
 {¶ 18} In conclusion, we overrule appellant's first assignment of error and sustain his second assignment of error. Accordingly, the judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and the matter is remanded with instructions for the trial court to transfer the matter to the probate division of the common pleas court.
Judgment affirmed in part and reversed in part; and cause remandedwith instructions
 PETREE, J., concurs. SADLER, J., dissents.
[1] Bringardner was also Hughes' counsel. Both are lawyers employed by Wiles, Boyle, Burkholder Bringardner Co., LPA.