{¶ 19} In my view, neither the probate court's enumerated powers nor its plenary power bestow upon it jurisdiction over this case. For this reason, I respectfully dissent.
 {¶ 20} As the majority correctly notes, the only matters within the probate court's jurisdiction are those set forth by statute. Besides those matters specifically enumerated, "[t]he probate court has plenary power at law and in equity to dispose fully of any matter that isproperly before the court, unless the power is expressly otherwise limited or denied by a section of the Revised Code." (Emphasis added.) R.C. 2101.24(C). Only the matters enumerated in R.C. 2101.24(A) and (B) are properly *Page 9 
before the probate court. Corron v. Corron (1988), 40 Ohio St.3d 75, 77,531 N.E.2d 708 ("Those matters that may be properly placed before the court are enumerated and limited in scope by R.C. 2101.24 * * *.").
 {¶ 21} The majority concludes that the probate court possesses exclusive jurisdiction over appellant's tort claims by virtue of R.C.2101.24(A)(1)(e) because they are based upon appellees' actions allegedly taken while they were serving as appellant's guardians. See ante, ¶ 13. But the cases upon which the majority relies in reaching this conclusion are inapposite because they involve matters that, while within the probate court's exclusive jurisdiction, are not present in the instant case.[2] *Page 10 
 {¶ 22} In my view, the fact that appellant's tort claims concern actions taken while appellees served as guardians does not defeat the inescapable effect that the termination of the guardianship had upon the probate court's jurisdiction. This case does not invoke the probate court's jurisdiction over the conduct or account of a "guardian," as that term is used in R.C. Chapter 2101,[3] because appellant is no longer a "ward"[4] and the probate court is no longer his "superior guardian."[5]
 {¶ 23} Pertinent authority supports the notion that the probate court loses jurisdiction over former guardians and former wards upon termination of the guardianship. The Supreme Court of Ohio recently held that, "[w]hen a guardianship is predicated exclusively on a ward's minor status, the guardian's power and the probate court's jurisdiction both terminate when the ward reaches the age of majority." In re Guardianshipof Hollins, 114 Ohio St.3d 434, 2007-Ohio-4555, 872 N.E.2d 1214, syllabus. When a guardianship terminates, the probate court's plenary power does not extend the court's jurisdiction to other matters, even those that arise out of actions taken while the guardianship was pending. Id.; see, also, In re Guardianship of Layshock (Dec. 28, 2001), Mahoning App. No. 00-CA-198; In re Altomare (Jan. 23, 2001), Columbiana App. No. 99-CO-26. *Page 11 
 {¶ 24} The present case is a tort action by a former ward against hisformer guardians, arising out of actions the defendants allegedly took while acting in their capacities as guardians. Utterly determinative is the fact that the only guardianship involving these parties has been terminated. Appellant is no longer a "ward," appellees are no longer his "guardians," and there no longer exists any guardianship involving these parties through which the probate court is deemed appellant's superior guardian. Consequently, this case does not involve any of the probate court's enumerated powers, and presents no "matter that is properly before the [probate] court"[6] that would sanction the exercise of the probate court's plenary power. Accordingly, this action could not be maintained in the probate court no matter where it was originally commenced. Moreover, the general division of the court of common pleas does have jurisdiction over the various tort claims contained in the complaint.[7]
 {¶ 25} For these reasons, I would sustain appellant's first assignment of error, overrule the second assignment of error as moot, reverse the judgment of the court of common pleas, general division, and remand this matter for further proceedings in the general division. Because the majority has determined otherwise, I respectfully dissent.
[2] See, e.g., Gilpin v. Bank One Corp., Clermont App. No. CA2003-09-073, 2004-Ohio-3012 (probate court had jurisdiction over estate's lawsuit against bank for negligent authorization of unlawful transfers from estate account, by virtue of the probate court's express power to direct and control the conduct of fiduciaries and settle their accounts, under R.C. 2101.24[A][1][m]); In re Guardianship ofJadwisiak (1992), 64 Ohio St.3d 176, 593 N.E.2d 1379 (probate court could properly exercise plenary power to maintain control over "any personal injury settlement entered into on behalf of a ward [currently] under its protection * * *;" jurisdiction was founded upon R.C.2101.24[A][1][e], which grants the probate court the power to settle guardians' accounts); Rowan v. McLaughlin, Cuyahoga App. No. 85665,2005-Ohio-3473 (probate court had exclusive jurisdiction over suit against then-serving guardian alleging negligence, intentional infliction of emotional distress, and slander, arising out of the guardian's fiduciary relationship with the then ward pursuant to R.C.2101.24[A][1][e], which allows probate court to direct and control conduct of currently serving guardians); Goff v. Ameritrust Co. (May 5, 1994), Cuyahoga App No. 66016 (probate court had exclusive jurisdiction over beneficiary's action against co-guardians and co-executors of decedent's estate, brought while the estate was still being administered, for breach of fiduciary duties, pursuant to probate court's authority to regulate conduct of currently serving fiduciaries, under R.C. 2101.24[A]); Holik v. Lafferty, Ashtabula App. No. 2005-A-0005, 2006-Ohio-2652 (probate court had exclusive jurisdiction over fraud and legal malpractice claims brought against an administrator with will annexed, arising out of his administration of the estate, pursuant to R.C. 2101.24[A][1][c]); State ex rel. Lewis v. Moser (1995),72 Ohio St.3d 25, 647 N.E.2d 155 (general division lacked jurisdiction over beneficiaries' conversion and breach of fiduciary duty action against estate's executor and attorney because probate court had exclusive jurisdiction under R.C. 2101.24[A][1][c], [j] and [l]);Ohio Farmers Ins. Co. v. Huntington Natl. Bank (Sept. 28, 2000), Cuyahoga App. No. 76303 (probate court had exclusive jurisdiction over fiduciary bond issuer's action to recover embezzled assets, after paying the successor guardian, because suit was brought pursuant to R.C.2109.50, which expressly confers jurisdiction on the probate court; express grant of jurisdiction rendered immaterial the fact that the guardianship had been terminated); Ohio Farmer's Ins. Co. v. BankOne (Aug. 21, 1998), Montgomery App. No. 16981 (fiduciary bond issuer's common law subrogated and assigned claims against bank for conveying guardianship assets to the former guardian in violation of the letters of guardianship, brought after the plaintiff paid the successor guardian's claim against the bond, was within the probate court's jurisdiction because: (1) the case turned upon the interpretation of a standard Ohio probate form, and (2) the court viewed the case as if the successor guardian herself were a party because the subrogee stood in the successor guardian's shoes for purposes of restoring the funds to the existing guardianship account, thereby invoking the robate court's exclusive jurisdiction to control guardianship accounts under R.C.2101.24[A]).
[3] "`Guardian,' * * * means any person, association, or corporation appointed by the probate court to have the care and management of the person, the estate, or both of an incompetent or minor." R.C.2111.01(A).
[4] "`Ward' means any person for whom a guardian is acting or for whom the probate court is acting pursuant to section 2111.50 of the Revised Code." R.C. 2111.01(B).
[5] "At all times, the probate court is the superior guardian of wards who are subject to its jurisdiction * * *." R.C. 2111.50(A)(1).
[6] R.C. 2101.24(C).
[7] R.C. 2305.01. *Page 1