[Cite as *Florkey v. Malott*, 2011-Ohio-5199.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

MOLLIE FLORKEY, [an adjudicated
incompetent adult, by next-best-friend/
daughter Jane Branson as well as Jane
Branson individually,][1]

        Plaintiffs-Appellants,

        v.

JAMES MALOTT,

        Defendant-Appellee.

:
:
:
:
:
:
:
:
:
:
:
:
:
:

Case No: 11CA9

DECISION AND
JUDGMENT ENTRY

Filed:  September 30, 2011

_____

APPEARANCES:

Jane Branson, Hillsboro, Ohio, pro se Appellant.

William E. Peelle & Brett W. Rudduck, Peelle Law Offices, Co., L.P.A., Wilmington, Ohio, for Appellee.

_____

Kline, J.:

{¶1}     Jane Branson (hereinafter "Branson"), appeals the judgment of the Highland County Court of Common Pleas, which dismissed her complaint under Civ.R. 12(B)(6) and Civ.R. 17(A).  Branson describes herself as the "next-best-friend/daughter" of Mollie Florkey (hereinafter "Florkey"), and Branson brings this appeal both on behalf of Florkey and herself individually.

---

[1] The trial court's "ENTRY OF DISMISSAL" styles this case as "MOLLIE FLORKEY VS. JAMES MALOTT[.]"  But after reviewing the style of the complaint and reading the verified complaint itself, it is apparent that Jane Branson filed the complaint on behalf of both (1) Mollie Florkey and (2) herself individually.

{¶2}      James Malott (hereinafter "Malott") is Florkey's guardian, and Branson filed

the present suit against Malott.  Branson's complaint seeks two types of relief.  First,

Branson seeks relief on Florkey's behalf.  And second, Branson seeks to have Malott

removed as Florkey's guardian.  To the extent that Branson seeks relief on Florkey's

behalf, we find that Branson is not the real party in interest.  Therefore, the trial court

properly dismissed these claims under Civ.R. 12(B)(6) and Civ.R. 17(A).  The trial court,

however, did not have jurisdiction to hear Branson's guardian-removal claim.

Therefore, we remand this matter and instruct the trial court to transfer Branson's

guardian-removal claim to the probate court.  For these reasons, we affirm, in part, and

reverse, in part, the trial court's judgment.

I.

{¶3}      Mollie Florkey is Branson's mother.  In a prior case, Branson sought to be

appointed as Florkey's guardian, but the probate court appointed Malott instead.  See *In*

*re Guardianship of Florkey*, Highland App. No. 07CA22, 2008-Ohio-4994 (hereinafter

"*Florkey I*").

{¶4}      On December 7, 2010, Branson filed a pro se complaint against Malott.

Branson referred to herself as Florkey's "next-best-friend/daughter" and made claims

against Malott on Florkey's behalf.  In her complaint, Branson alleged that Malott acted

under "the auspices of [a] fraudulent POA and fraudulent guardianship appointment[.]"

Branson further claimed that Malott violated both Florkey's constitutional rights and

Florkey's rights under the Americans With Disabilities Act.  For these reasons, Branson

asked (1) that Malott's Power of Attorney be cancelled and (2) that Malott "be made to

account honestly and fully for his acts, conducts and financial dealings under the POA

document, and that an award of unspecified damages be awarded to [Florkey] and her estate for all wrongs and unauthorized acts, conducts and dealings which either benefited the defendant and worked a damage to [Florkey] and her estate."

{¶5}   Branson's complaint also alleges that Malott acquired real property from Florkey for "grossly inadequate consideration."  As a result, Branson included an action to quiet title under R.C. 5303.01.  Essentially, Branson asked the trial court to return the real property to Florkey.

{¶6}   On January 5, 2011, Malott filed motions to dismiss under Civ.R. 12(B)(6) and Civ.R. 17.  Malott claimed (1) that Branson is not the real party in interest and (2) that Branson's various claims have no basis in law or fact.

{¶7}   On February 14, 2011, the trial court held a hearing on Malott's motion to dismiss.  Malott appeared at the hearing with his attorney, and Branson appeared pro se.  We do not have a transcript of this hearing.

{¶8}   On February 15, 2011, the trial court granted Malott's motion to dismiss.  The trial court found the following: "Malott is currently the court appointed Guardian over Mollie Florkey in case # 20072036 in the Highland County Court of Common Pleas, Probate Division.  As Guardian over the person of Mollie Florkey[,] James Malott has not ratified this action via affidavit or otherwise.  The Court therefore finds the current action has not been brought by a real party in interest contra to Ohio Civil Rule 17."  February 15, 2011 Entry of Dismissal.  The trial court also agreed that Branson's various claims have no basis in law or fact.

{¶9}   Branson appeals and asserts the following three assignments of error: I. "The trial Court's finding that the complaint cannot be brought by the Next-Best-Friend absent

being ratified by the 'alleged' guardian is contrary to law and Ohio public policy, unconstitutional, and[] an abuse of the trial Court's discretion." II. "The trial Court['s] determination that Plaintiff's complaint failed to state a claim upon which relief could be granted is in error as a matter of law, and is likewise an abuse of discretion." And, III. "The trial Court abused its discretion in overruling the motion for change of venue and likewise abused its discretion dismissing the motion as moot."

II.

**{¶10}**     Initially, we note that Branson failed to provide a transcript of the February 14, 2011 hearing on Malott's motion to dismiss. In relevant part, App.R. 9(B) provides: "At the time of filing the notice of appeal the appellant, in writing, shall order from the reporter a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record and file a copy of the order with the clerk." Because Branson bears the burden of demonstrating error by reference to matters in the record, she has a duty to provide a transcript of the proceedings. *Pryor v. Pryor*, Ross App. No. 09CA3096, 2009-Ohio-6670, at ¶24. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199. Therefore, to the extent that a record of the February 14, 2011 hearing is necessary to resolve this appeal, we must presume the validity of the trial court's decision.

III.

{¶11}      We will address Branson's first-and-second assignments of error together.  In her first assignment of error, Branson contends that the trial court erred when it found that she is not the real party in interest.  And in Branson's second assignment of error, she contends that the trial court erred when it granted Malott's motion to dismiss.

{¶12}      Branson's complaint seeks two types of relief.  First, Branson asserts claims against Malott on Florkey's behalf.  As to these claims, we find that the trial court correctly dismissed Branson's complaint under Civ.R. 12(B)(6) and Civ.R. 17.  Second, Branson seeks to remove Malott as Florkey's guardian.  As to Branson's guardian-removal claim, we find that the trial court lacked jurisdiction.  Therefore, we remand this case and instruct the trial court to transfer Branson's guardian-removal claim to the probate court.

### a. Motion to Dismiss

{¶13}      A dismissal for failure to state a claim upon which relief can be granted is a question of law that we review de novo.  *Cleveland Elec. Illum. Co. v. Pub. Util. Comm.*, 76 Ohio St.3d 521, 523, 1996-Ohio-298.  "In reviewing a complaint upon a motion to dismiss pursuant to Civ.R. 12(B)(6), [the Supreme Court of Ohio] has held that a court must presume that all factual allegations of the complaint are true and that all reasonable inferences must be made in favor of the nonmoving party."  *Perez v. Cleveland* (1993), 66 Ohio St.3d 397, 399 (citation omitted).  To dismiss a complaint under Civ.R. 12(B)(6), "it must appear from the face of the complaint that [Branson] can prove no set of facts that would entitle [her] to relief."  *Maitland v. Ford Motor Co.*, 103 Ohio St.3d 463, 2004-Ohio-5717, at ¶11.

### b. Real Party In Interest

**{¶14}** "Every action shall be prosecuted in the name of the real party in interest." Civ.R. 17(A). "A real party in interest is one who is directly benefited or injured by the outcome of the case." *U.S. Bank Natl. Assn. v. Marcino*, 181 Ohio App.3d 328, 2009-Ohio-1178, at ¶31, citing *Shealy v. Campbell* (1985), 20 Ohio St.3d 23, 24. "If an individual or one in a representative capacity does not have a real interest in the subject matter of the action, that party lacks the standing to invoke the jurisdiction of the court." *Residential Funding Co., L.L.C. v. Thorne*, Lucas App. No. L-09-1324, 2010-Ohio-4271, at ¶29, citing *State ex rel. Dallman v. Court of Common Pleas, Franklin Cty.* (1973), 35 Ohio St.2d 176, syllabus. Significantly, however, a "guardian * * * may sue in his name as such representative without joining with him the party for whose benefit the action is brought." Civ.R. 17(A).

c. Dismissal Was Proper Because Branson is not the Real Party In Interest

**{¶15}** To the extent that Branson's complaint seeks relief on Florkey's behalf, we find that Branson is not the real party in interest. *Florkey I* established Malott as the guardian of both Florkey's person and estate. See *Florkey I* at ¶¶3, 6, 14, 16. Therefore, Malott may sue on Florkey's behalf. This is so even though Malott would not have a real interest in the suit. Rather, Florkey herself would be the real party in interest. See Civ.R. 17(B); *Boyd v. Edwards* (1982), 4 Ohio App.3d 142, 145 ("The Rule * * * makes clear that where a guardian brings such suit, he is not himself the 'party' but is acting in the 'name' of 'the real party in interest[.]'").

**{¶16}** Similarly, in the present case, Florkey is the real party in interest. Furthermore, Branson is not Florkey's guardian -- Malott is. Therefore, unlike Malott, Branson may not sue on Florkey's behalf. See Civ.R. 17(B) ("Whenever a minor or

incompetent person has a representative, such as a guardian or other like fiduciary, the representative may sue or defend on behalf of the minor or incompetent person. If a minor or incompetent person *does not have a duly appointed representative* the minor may sue by a next friend or defend by a guardian ad litem.") (emphasis added).

**{¶17}** Because Branson is neither (1) the real party in interest nor (2) Florkey's guardian, she does not have standing to bring claims on Florkey's behalf. "Lack of standing challenges a party's capacity to bring an action and is properly raised by a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted." *Cramer v. Javid*, Franklin App. No. 10AP-199, 2010-Ohio-5967, at ¶10 (citation omitted). Accordingly, to the extent that Branson brings claims on Florkey's behalf, we find that dismissal was proper under Civ.R. 12(B)(6) and Civ.R. 17.

### d. Jurisdiction of the Lower Court

**{¶18}** Branson claims that her suit should proceed because, in part, she seeks to remove Malott as Florkey's guardian. After a liberal reading of Branson's complaint, we find that Branson has asserted a guardian-removal claim. See, generally, *Barnes v. Tolliver* (1995), 100 Ohio App.3d 391, 393 (liberally construing a pro se plaintiff's complaint); *In re Guardianship of Constable*, Clermont App. Nos. CA2006-08-058 & CA2006-09-067, 2007-Ohio-3346, at ¶8 ("Ohio courts have recognized that an interested person may move for the removal of a guardian under [R.C. 2109.24.]"). We note, however, that Branson filed this suit in the general division of the Highland County Court of Common Pleas. And under R.C. 2101.24(A)(1)(e), "the probate court has *exclusive jurisdiction* * * * [t]o appoint and remove guardians, conservators, and testamentary trustees, direct and control their conduct, and settle their accounts[.]"

(Emphasis added.)  On appeal, we must raise any jurisdictional issues sua sponte.  See, e.g., *Huddleston v. Mullen*, Washington App. No. 09CA39, 2010-Ohio-2491, at ¶13.  Therefore, we find that the lower court lacked jurisdiction to consider Branson's guardian-removal claim.

**{¶19}**      Thus, the question is: What should the trial court have done with the guardian-removal portion of Branson's complaint?  The trial court did not discuss jurisdictional issues in its entry of dismissal.  And because we do not have a transcript, we do not know whether the parties discussed jurisdictional issues at the February 14, 2011 hearing.  Nevertheless, we must address these jurisdictional issues and determine the proper course of action for Branson's guardian-removal claim.

**{¶20}**      Here, we find that Branson's guardian-removal claim should be transferred to the probate court.  "Civ.R. 73, which governs the probate court, provides, in part, that '[p]roceedings which are improperly venued shall be transferred to a proper venue provided by law and this subdivision * * *.'  Civ.R[.] 73(B).  [The Tenth District Court of Appeals] has interpreted that rule to authorize the transfer of a matter from the general division of the common pleas court to the probate division of the common pleas court when the matter was docketed in the wrong division of the common pleas court."  *Keith v. Bringardner*, Franklin App. No. 07AP-666, 2008-Ohio-950, at ¶15, citing *Siebenthal v. Summers* (1978), 56 Ohio App.2d 168, 173-174.  We agree with the Tenth Appellate District's interpretation of Civ.R. 73(B).  Furthermore, we note that Civ.R. 73(B) uses the word "shall."  Usually, "[t]he word 'shall' is * * * interpreted to make the provision in which it is contained mandatory."  *State v. Smith*, Stark App. No. 2010-CA-00335, 2011-Ohio-3206, at ¶48, citing *Dorrian v. Scioto Conservancy Dist.* (1971), 27 Ohio St.2d

102, 107.  Accordingly, under Civ.R. 73(B), Branson's guardian-removal claim should be transferred to the probate court.  See *Bringardner* at ¶17 (finding that "the trial court should have transferred the case to the probate division"); *Siebenthal* at 174 (finding that "the trial court erred and abused its discretion in overruling the motion for transfer").

IV.

**{¶21}** In conclusion, to the extent that Branson brings claims on Florkey's behalf, Branson is not the real party in interest.  Therefore, the trial court properly dismissed these claims under Civ.R. 12(B)(6) and Civ.R. 17.  Additionally, to the extent that Branson seeks to remove Malott as Florkey's guardian, the trial court lacks jurisdiction.  Therefore, we remand this matter and instruct the trial court to transfer Branson's guardian-removal claim to the probate court.

**{¶22}** Accordingly, we overrule, in part, and sustain, in part, Branson's first-and-second assignments of error.  Based on our decision, Branson's third assignment of error is moot.  See App.R. 12(A)(1)(c).  (Both Civ.R. 73(B) and Branson's third assignment of error contain the word "venue."  However, Branson's third assignment of error has no relation to Civ.R. 73(B).  In the proceedings below, Branson moved to have her case transferred from Highland County to an adjoining county.  Branson's third assignment of error addresses the trial court's denial of her change-of-venue motion.)

**{¶23}** Therefore, we (1) affirm, in part, the judgment of the trial court, (2) reverse, in part, the judgment of the trial court, and (3) remand this cause to the trial court for further proceedings consistent with this opinion.

**JUDGMENT AFFIRMED, IN PART, REVERSED, IN PART,
AND CAUSE REMANDED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED, IN PART, REVERSED, IN PART, AND THIS CAUSE BE REMANDED to the trial court for further proceedings consistent with this opinion.  Appellants and Appellee shall pay equally the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Harsha, P.J. and Abele, J.:  Concur in Judgment and Opinion.


For the Court


BY:_____
        Roger L. Kline, Judge



### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**